## David Babcock v. Lucy R. Twist et al.

*Appeal in Chancery : Modification of decree.* Where a bill was dismissed without prejudice to complainant's right to file a new bill based on the facts set up and admitted in defendant's answer; and it appearing from the proofs as shown by the testimony of defendant, who was sworn as a witness, that a ground for relief existed, which was only contingently admitted in the answer: *Held,* that the decree dismissing the bill should be so modified as to allow the complainant to amend his bill in accordance with the facts admitted by defendant's proofs; and that, on such amendment, a decree for the appropriate relief should be entered.

*Heard January 4. Decided January 5.*

Appeal in Chancery from Washtenaw Circuit.

*H. J. Beakes,* for complainant.

*Norris & Uhl,* for defendants.

CAMPBELL CH. J.

The bill in this cause was filed to establish an agreement, whereby the defendant, Lucy R. Twist, who is a daughter of the complainant, was to execute to him a mortgage on certain lands which he had purchased in her name and paid for. The dispute is upon the facts, and raises the question, whether, besides securing interest during the life of complainant and wife upon the sum invested, the mortgage was also to provide for paying back the principal, if it should be demanded during complainant's life.

The Court below came to the conclusion that there was no agreement proven whereby the principal was to be secured, and the mortgage was to be confined to interest.

The testimony is so directly in conflict upon the main point, that it is quite likely there was a misapprehension between the parties concerning the re-payment of the principal. As the enforcement of such an agreement requires clear and satisfactory proof, we are unable to say that there is such proof as would justify us in decreeing the relief prayed, according to the theory of the bill. There is not only room for difference of opinion, but it is difficult to arrive at anything like conviction. The Circuit Court cannot be deemed to have erred in declining to enforce the alleged agreement.

There was, probably through inadvertence, an error in confining complainant in a new bill to the case admitted by the answer. The answer does not admit that the interest was payable at all events, while the defendants in their testimony show that it was to be payable without contingency. As it has been demanded, this makes no important difference in the case, except as to the future, and as to the form of the mortgage, and should make no difference in the costs of appeal.

It was suggested that the bill might be amended in conformity with this theory, instead of requiring a new bill. This course has been adopted in some instances; and inasmuch as the parties themselves have been sworn, there can be no injustice in granting relief upon their admissions. We therefore, to avoid further litigation, in consideration of the advanced age of complainant and the family relationship of the parties, have concluded to so far modify the decree, as to provide that the case be transmitted to the Court below, with directions to allow the bill to be so amended, as to set forth an agreement on the part of Lucy R. Twist to execute a mortgage to complainant to secure the payment to him annually during life, and thereafter to his

wife annually during her life, if she shall survive him, interest at seven per cent. per annum upon the purchase price of the land purchased of Cook; and on such amendment to decree performance thereof. The complainant to pay costs of both Courts, including every thing up to the entry of such new decree, and to deliver up the deed on receiving such mortgage.

The other Justices concurred.