## LEHMAN, DURR & CO. *vs.* FORD et al.

[APPEAL FROM DEGREE DISMISSING CROSS-BILL BEFORE FINAL DETERMINATION
OF ORIGINAL BILL.]

1. *Cross-bill, regularly filed; when appeal lies from decree dismissing.*—A
cross-bill, regularly filed, is so far an independent suit as to authorize
an appeal from a decree dismissing the same on demurrer for want of
equity before the final determination of the original bill.

APPELLEES, on the ground that this appeal was prematurely taken, moved to dismiss it. The appeal was taken from a decree of the chancery court of Montgomery, dismissing a regular cross-bill on demurrer for want of equity before the final determination of the original bill. Appellants contested the motion, and also petitioned for a *mandamus* to compel the restoration and reinstatement of the cross-bill to the docket. The points decided are sufficiently stated in the opinion.

ELMORE & GUNTER, for motion to dismiss appeal.
RICE, CHILTON & JONES, *contra.*

PETERS, J.—This is a motion to dismiss this appeal, because the same has been prematurely taken. And in connection with this motion to dismiss, there is also an application for *mandamus* to compel the reinstatement and restoration of the cause to the docket in the court below.

The bill in this case is a cross-bill, regularly filed as such, and not an answer to an original bill in chancery turned into a cross-bill under our statute. It is, then, not a mere statutory proceeding, to be governed by the rules prescribed by the statute, or growing out of it. Such a bill is an auxiliary suit, in which the complainant may be entitled to independent relief connected with the matters of the original bill. The cross-bill is a suit which terminates in a final judgment.—Story Eq. Pl. §§ 389, 398. And it is

Lehman, Durr & Co. v. Ford et al.

served, and answered, and proceeded in just as if it were an original bill, until it is finally disposed of.—3 Daw. Ch. Pr. pp. 1746–7. In *Brooks v. Woods*, such a bill has been treated as a separate suit so far as to allow an appeal from an order of dismissal on sustaining a demurrer for want of equity.—40 Ala. 538; Story Eq. Pl. §§ 628, 630, 632. This is a convenient practice, and we see no sufficient reason to overrule it. In the practice of the English courts, a cross-bill may be treated as a separate suit, and filed in a different court.—3 Dan. Ch. Pr. p. 1746, note 2. We therefore think that the appeal in this case ought to be retained. If it is, the necessity for a *mandamus* is removed.

The *mandamus* is denied, with costs, and the motion to dismiss is denied, with costs.

[NOTE BY REPORTER.—The opinion in this case was delivered at the June term, 1871, but was omitted from the 46th volume of Reports on account of a want of space.]