## MOORE v. MOORE.

(Supreme Court, Special Term, Albany County. February 10, 1893.)

1. DIVORCE—RIGHT TO DISCONTINUE ACTION.

   The public has no such interest in an action for divorce, where no issue is raised as to the legality of the marriage, as will require the court, in the exercise of its discretion, to deny plaintiff's application for a discontinuance.

2. SAME.

   The fact that the wife is charged with adultery is no ground for denying the application so as to enable her to vindicate her character, since the voluntary withdrawal of the suit is a confession of error on the part of the husband.

3. SAME—COSTS.

   On the discontinuance of such an action the wife is entitled to costs, but not to counsel fees, which can be granted only to enable her to prosecute or defend such action.

Action by William Moore against Maria Moore for divorce. Plaintiff applies for leave to discontinue the action. Application granted.

Stedman, Thompson & Andrews, for plaintiff.
R. A. Parmenter, for defendant.

HERRICK, J. This is an application on the part of the plaintiff to discontinue (upon payment of the costs) an action for a divorce, brought by him against his wife. The charge in the complaint is adultery. The marriage is admitted; the adultery denied; no counter charge is made. The defendant objects to the discontinuance, and insists upon a trial in open court, that her character, assailed by the bringing of the action, may be vindicated. She also asks, if the action be discontinued, it be upon the condition that, in addition to the taxable costs, a counsel fee be paid. An application to discontinue an action is addressed to the legal, not the arbitrary, discretion of the court, and to justify a refusal there must be some facts or reasons upon which that discretion can be based, and, if there are none, then there is no room for discretion, and the right to discontinue is absolute. "Ordinarily a suitor has a right to discontinue any action or proceeding commenced by him, and his reasons for so doing are of no concern to the court." In re Butler, 101 N. Y. 309, 4 N. E. Rep. 518. But in divorce cases it has been held that the public has an interest, and, although not

parties to the record, are parties in interest. In Winans v. Winans, 124 N. Y. 140, 26 N. E. Rep. 293, the marriage was denied, and there was consequently a question of legitimacy. The situation of the parties there made the questions involved questions of public importance. Here there is no question raised as to the marriage, no question but that the defendant is a wife, and not a concubine. There is no question of legitimacy. The public undoubtedly has an interest in divorce cases. It has an interest that families should not be broken up, that the marriage relation should not be improperly dissolved; but it has no interest in keeping such litigation alive, or in sundering the marriage ties, but rather the reverse. It seems to me that public policy requires the quiet and peaceable termination of such strife. A portion of the public may have some curiosity to know whether the defendant has had illicit intercourse with any one, but it is not a question of "public interest," in the legal meaning of these words.

The defendant's contention that her character, aspersed by the bringing of the action, should be vindicated by a trial in open court, is not a valid contention. The plaintiff could not be compelled to proceed. All that the court could do would be to dismiss the plaintiff's complaint for failure to proceed upon the case being reached in court. Further than that, the defendant ought to realize that the less the question of a woman's chastity is mooted, the better it is for her reputation. She ought never to bring before the public the fact that any question has ever been raised as to her virtue. The voluntary withdrawal of the suit is a confession of error,—is her best vindication. I can see no facts or reasons for refusing a discontinuance upon which discretion can operate, (In re Butler, 101 N. Y. 310, 4 N. E. Rep. 518,) and for that reason it seems to me the plaintiff has a legal right to discontinue his action.

As to the terms upon which it should be discontinued, the plaintiff offers to pay the costs, and I do not see that anything more can be imposed. While in actions for divorce costs are allowable in the discretion of the court, yet that discretion is not as to the amount that shall be allowed, but as to whether any at all should be allowed, and, the court having exercised its discretion and granted costs, the provisions of the Code determine the amount. It is true that in actions for divorce the court may, under certain circumstances, grant to the wife a counsel fee in order to enable her to properly defend herself when prosecuted. This case has been pending some months. She has made no application to the court for a counsel fee to enable her to protect herself, and now, when she is no longer called upon to defend her rights, there is no reason for the court's exercising its discretion in that behalf. Indeed, I doubt whether there is now any foundation for the exercise of such discretion. It is a legal, not an arbitrary, discretion, and is only to be exercised to enable a wife to properly prosecute or defend an action for divorce, and when there is no longer any occasion to defend there is no necessity for a counsel fee. For these reasons the motion of the plaintiff to discontinue should be granted upon payment of the costs to be taxed. Let an order be entered accordingly.