CLUTTON v. CLUTTON

SAME v. WAYNE CIRCUIT JUDGE.

1. Appeal—Order Dismissing Cross-Bill on Demurrer.
   An appeal will lie from an order dismissing a cross-bill on demurrer before a final determination upon the original bill.

2. Divorce—Discontinuance—Pending Application for Alimony.
   The complainant in a suit for divorce will not be permitted to dismiss his bill upon payment of costs, pending a determination, under an order of reference, of an application by defendant for temporary alimony and solicitors' fees.

3. Alimony—Jurisdiction—Waiver.
   An order allowing temporary alimony upon a bill for divorce filed by the husband cannot be assailed upon the ground that it was made without notice, and that the application therefor had been partially heard before another judge of the same court, where it appears that the complainant was present by counsel when said application was called up, and raised no objection to its consideration, and that he had previously moved for leave to dismiss his bill before the judge entering said order.

Jonathan L. Clutton filed a bill in the Wayne circuit against Annie J. Clutton for a divorce. Defendant interposed a cross-bill, which was dismissed on demurrer, and defendant appealed. Complainant moves to dismiss the appeal, and also applies for *mandamus* to compel Joseph W. Donovan, circuit judge, to vacate an order awarding temporary alimony, and to permit relator to dismiss his bill. Submitted October 8, 1895. Both motion and writ denied October 22, 1895.

*Franklin L. Lord (John Atkinson,* of counsel), for the motion and for relator.

*John Ward,* against the motion and for respondent.

McGRATH, C. J.  Annie J. Clutton appeals from an order sustaining a demurrer to her cross-bill, and complainant moves to dismiss the appeal on the ground that the order was not a final order.  Complainant, after the order appealed from was made, moved the court below for an order permitting him to dismiss his bill, but the court denied the motion, and complainant asks for a *mandamus* to compel the court to grant his request.

It appears that at the time that the motion for leave to dismiss was made there was pending an application for temporary alimony and solicitors' fees.  The right of a complainant to dismiss his bill without prejudice on payment of costs is of course, except in certain cases. 1 Beach, Mod. Eq. Prac. § 450.  Irrespective of the question of the pendency of the cross-bill, we think the case comes within the exceptions to the general rule stated. A reference had been made upon defendant's application, and pending a determination of the questions involved in that application defendant had the right to remain in court.  1 Beach, Mod. Eq. Prac. §§ 451, 452; 1 Barb. Ch. Prac. 225, note 18.

The court afterwards made an allowance as alimony and solicitors' fees.  It is urged that this order was made after the matter of the application had been partially heard before another judge of the same court, and without notice.  The judge before whom it is alleged that the matter was partially heard was absent in Europe, and it appears that the motion for leave to discontinue was made before the same judge who finally made the order for alimony.  The answer sets up that the complainant's solicitor was present when the matter of defendant's application for alimony was called up and presented, and made no objections to its consideration.

The application for *mandamus* must therefore be denied.

We think that the order sustaining the demurrer to and dismissing the cross-bill was final and appealable. In *Ayres* v. *Carver*, 17 How. 591, it was held that an order

dismissing a cross-bill was not appealable, but in that case the order was made at the hearing, but before a final determination upon the original bill, and the court held that the decree pronounced was but partial. The better rule is that a cross-bill is so far an independent suit as to authorize an appeal from a decree dismissing it on demurrer before the final determination of the original bill. 1 Beach, Mod. Eq. Prac. § 446; *Brooks* v. *Woods,* 40 Ala. 538; *Lehman* v. *Ford,* 47 Ala. 733.

The motion to dismiss must also be denied, with costs in both motions to appellant.

The other Justices concurred.