## SULLIVAN v. SULLIVAN.

DIVORCE—DECREE A VINCULO—WHEN AUTHORIZED.

> Under 2 How. Stat. § 6229, providing for a divorce from bed and board for extreme cruelty and certain other causes, and section 6230, authorizing a decree of absolute divorce for any of the causes mentioned when, "in the opinion of the court," the circumstances of the case render it proper, the circuit court may, in its discretion, grant a divorce *a vinculo*, although the complainant asks for a decree of separation only. MOORE, J., dissenting.

Appeal from Wayne; Donovan, J. Submitted April 6, 1897. Decided May 25, 1897.

Bill by Rose Sullivan against Michael Sullivan and Mollie Ferry for a divorce, and to declare a transfer of real

estate to defendant Ferry fraudulent as to complainant. From the decree rendered, complainant appeals.  Modified.

Complainant and defendant Michael Sullivan were married July 11, 1892.  She was about 50 years old, and he 60.  He was a widower, and had one child, the defendant Mollie Ferry.  After about two and one-half years of unhappy married life, she filed her bill in this cause, praying for a divorce.  Her bill prayed that "the marriage be dissolved and a divorce from the bonds of matrimony be decreed."  The bill also charged that, by collusion, a mortgage for $5,000, upon land formerly owned by Mr. Sullivan, had been foreclosed, the title perfected in the mortgagee, and then transferred to the defendant Mollie.  The case was heard on pleadings and proofs taken in open court, and a decreee entered for an absolute divorce, and the payment of $700 as alimony and a fixed amount for costs.  It was also decreed that there was no fraud in the proceedings by which his daughter obtained the title to the land.  Complainant appeals.

*James H. Pound,* for complainant.

*Lemuel H. Foster,* for defendants.

GRANT, J. *(after stating the facts).*  1. Upon the hearing in the court below, the complainant, through her solicitor, asked for a decree of separation, and not for one *a vinculo.*  The contention on her behalf is that she was entitled to just such a decree as she saw fit to ask.  The court considered it better to grant an absolute divorce.  2 How. Stat. § 6229, provides for a decree of "divorce from bed and board, forever or for a limited time," on the ground of extreme cruelty, and for certain other causes.  Section 6230 is as follows: "A divorce from the bond of matrimony may be decreed for either of the causes mentioned in the preceding section, whenever, in the opinion of the court, the circum-

stances of the case shall be such that it will be discreet and proper so to do." We think that the character of the decree rests in the sound discretion of the court, and we find no occasion to interfere with it, especially since it is in accord with the prayer of the bill.

2. It is urged that the transaction by which the defendant Mollie, the daughter of the defendant Michael, obtained the title to the real estate described in the bill of complaint, was fraudulent. The property was mortgaged by Mr. Sullivan for the sum of $5,000. The mortgage was foreclosed, the land bid in by the mortgagee, and was then deeded by the mortgagee to defendant Mollie, who gave back another mortgage upon it to the same party for $5,000. The circuit judge saw and heard the witnesses upon whose testimony depends the determination of the question of fraud. I should not myself feel disposed to interfere with the conclusion reached by the circuit judge, but my brethren are of the opinion that the transaction was tainted with fraud, and that complainant should have a lien upon this land to secure the amount of alimony which she shall receive. Complainant was not entitled to a large amount. She contributed nothing to the accumulation of this property. She was not without fault, and it is doubtful whether she was entitled to a decree; but the defendant has not appealed, and therefore the decree must stand. The defendant appears to be willing to pay the amount of alimony decreed by the court. It is perhaps better to give a gross sum as alimony, rather than to give a monthly allowance. We think $1,000 would be a fair sum, under the facts of the case. The decree will be modified to that extent, and affirmed. She will be decreed to have a lien upon the real estate for its payment. Complainant will recover costs.

LONG, C. J., and MONTGOMERY, J., concurred with GRANT, J. HOOKER J. did not sit.

MOORE, J. (dissenting). I concur with Mr. Justice GRANT in his disposition of the question of alimony, if

absolute divorce is to be granted, but I cannot concur with him in holding that the complainant may be compelled to take a decree of divorce when she only asks for a decree of separation.  Notice should be taken of the fact that a very large and respectable portion of our citizens recognize but one cause for divorce, that is, adultery; others of them have religious scruples against any divorces whatever; but circumstances may arise where persons having these views are compelled to go into court and ask for a decree of separation in order to be protected in their persons.  To say that when they do so they shall be compelled to take a divorce absolute, when they do not want it, is, in my judgment, a wrong construction of the statutes authorizing divorces.  If the complainant has made such a case as to entitle her to relief, she ought to have the relief she desires.  If she has not made such a case, her bill ought to be dismissed.  I am aware the provisions of section 6230, 2 How. Stat., authorize a divorce from the bond of matrimony upon the same proof that would authorize a limited divorce, but I have never supposed that could be done when the aggrieved party did not desire it to be done.  To give the statute such a construction is to say to the aggrieved party, "You are entitled under the law to the relief you ask, but the court will deny the relief you want, and compel you to take relief which the court thinks is better for you and for society than what you ask."  The case of *Burlage* v. *Burlage*, 65 Mich. 624, is cited as an authority allowing the court to do what was done in granting this decree. An examination of that case will not disclose that the complainant asked for a limited divorce, and objected to a divorce *a vinculo*.  The defendant in that case appealed, and, while the statement of the case is not very full, I think it warrants the inference that complainant wanted a permanent decree of divorce in the court below, and was not opposed to obtaining it in this court.  I think the decree should not only be modified as suggested by Mr. Justice GRANT, but also so as to provide only for a decree of separation.