UTLEY *v.* UTLEY.

DIVORCE—SEPARATE MAINTENANCE—ALIMONY—MODIFICATION OF
DECREE.

Charges of acts of personal violence and threats to do complain-
ant personal injury, the effects of which are to make her
nervous and constantly afraid, being sustained, a decree for
separate maintenance is modified so as to grant an absolute
divorce and a disposition of the property which avoids the
necessity of further personal relations. And where the testi-
mony leaves uncertain the amount of money of which de-
fendant is possessed, complainant is given leave to move for
a modification of the decree for alimony.

Cross-appeals from Lapeer; Smith, J.   Submitted No-
vember 17, 1908.   (Docket No. 140.)   Decided December
21, 1908.

Bill by Lucy Utley against Edwin Utley for a divorce.
From the decree rendered, both parties appeal.   Modified
and affirmed.

*B. F. Reed,* for complainant.

*Geer, Williams & Halpin,* and *Earl I. Heenan,* for
defendant.

OSTRANDER, J.   The parties to this suit are each of
them more than 60 years of age, have been married more
than 40 years, and have two children, a son, 39, and a
daughter, 35, years of age.   The bill of complaint charges
defendant with repeated acts of extreme cruelty, some of
them acts of violence to the person of complainant, many
of them occurring years ago.   They have very little prop-
erty, unless it is true, as charged, that defendant has a
considerable sum of money, which he has usually carried
on his person.   The bill of complaint as originally drawn
prayed for a divorce a vinculo and for alimony.   An
amendment to the bill, made, as the record recites, by
order of the court, added a prayer for separate mainte-
nance.   The court decreed a separate maintenance with a

division of property, and required defendant to pay a small sum to complainant, monthly, in advance. In this court, complainant asks for a decree of divorce and for a modification in her favor of the order for alimony. Defendant asks that the decree be set aside—in any event, that the order for alimony be modified to his advantage.

We agree with the learned circuit judge in finding that the charges of cruelty are sustained. These are charges of personal violence and of threats to do complainant personal injury, the effects of which are to make her nervous and constantly afraid. We are impressed that the parties should be relieved entirely of the relations entered upon with their marriage, and that a disposition of the property should be made which will render personal relations of any kind unnecessary and unlikely to occur. The decree below gives complainant title to the home, but it also gives to defendant the use, for his life, of the barn situated upon the premises and such use of the land as will serve his purpose in going to and from the barn. A careful reading of the record leaves us in doubt concerning the amount of money defendant has. We are not so well satisfied that he has any considerable amount of money that we feel warranted in ordering him to pay to complainant a sum in gross. We are not so well satisfied that he has not money, not discovered, that we feel warranted in denying to complainant the right to move hereafter, upon the footing of the decree to be entered, for a modification of the decree in this respect.

The decree of the circuit court will be so modified as to grant to the complainant a divorce, so as to relieve the real estate set off to her from any claim or right, of use or otherwise, on the part of defendant, and so as to increase the sum to be paid complainant $1 a week. In other respects, the decree of the court below is affirmed. Neither party will recover costs of this court as against the other.

GRANT, C. J., and BLAIR, MONTGOMERY, and BROOKE, JJ., concurred.