COON v. COON.

1. DIVORCE—SEPARATE MAINTENANCE—DISCRETION.

In proceedings for divorce, in which both parties pray for relief, and the wife asks for separate maintenance, the form of decree rests in the sound discretion of the court. Act No. 135, Pub. Acts 1905, as amended by Act No. 324, Pub. Acts 1907.

2. SAME—PUBLIC POLICY.

It is the settled rule in this State to grant an absolute divorce, instead of separate maintenance, for reasons of public policy.

3. SAME—MOTIONS—WITHDRAWAL OF CROSS-BILL.

A wife, defendant in divorce proceedings, who has filed a cross-bill praying for separate maintenance, may, on motion made after the court has announced its determination but before the entry of decree, dismiss her cross-bill, unless the complainant or the public has some legal interest which would be injured by the action.

4. SAME.

And where the evidence showed that the wife had just grounds to complain, but desired not to have a divorce, and the complainant failed to sustain his charge of extreme cruelty, a decree should be made dismissing his bill, after a motion by defendant to withdraw her cross-bill.

Appeal from Wayne; Murfin, J. Submitted October 20, 1910. (Docket No. 94.) Decided December 22, 1910.

Bill by Charles W. Coon against Jennie Coon for divorce. Defendant filed a cross-bill praying for separate maintenance. From a decree granting defendant an absolute divorce, both parties appeal. Reversed and bill dismissed.

*James Swan*, for complainant.

*Hunt & Altland*, for defendant.

BLAIR, J. The bill of complaint filed in this cause alleges extreme cruelty, and prays for an absolute divorce. The answer, in the nature of a cross-bill, alleges extreme cruelty on the part of complainant, that he has failed to live and cohabit with her for two years, and has failed to provide a suitable maintenance for her, sets forth in detail the property owned by the complainant, and asks for separate maintenance. The answer to the cross-bill denies the allegations thereof.

During the progress of the trial, the defendant filed an amendment to the cross-bill, and alleged that during the year 1909 the complainant was guilty of extreme cruelty towards the defendant, in that he wickedly, cruelly, and wantonly associated himself with one Lillian E. Burke, a widow, then unmarried; that he escorted her to various places in the city of Detroit, and alleges that on the 7th day of July, 1909, he was guilty of improper relations with the said Lillian E. Burke, in the premises 862 Grand River avenue, and alleged that he was guilty in divers other ways and in various other places in the city of Detroit of improper relations with the said Lillian E. Burke during the year 1909. On the 2d day of December, 1909, an *ex parte* order was entered allowing solicitors for the defendant the sum of $375 as solicitors' fees, and on the 6th day of December appeal by complainant was taken from said order.

The taking of testimony was completed November 17th, and, after a brief intermission, the court announced as his conclusions therefrom that: Complainant had failed to prove the charge in his bill of complaint; that defendant had not sufficiently proved the charge in her amended cross-bill, which, in effect, alleged adultery; that defendant had sustained the charge in her cross-bill alleging extreme cruelty; that defendant must be awarded and accept a decree for absolute divorce; that the question of alimony would be considered subsequently. Further consideration of the case was adjourned to November 22d, on which date the defendant made a motion for an order dismissing the cross-bill feature of her answer without prejudice. On November 30th the court filed an opinion denying the motion to dismiss the cross-bill. On the 2d day of March, 1910, a decree was entered, which decreed an absolute divorce between the parties. From this decree both parties appeal.

The reasons of the court for granting an absolute divorce instead of separate support and maintenance against defendant's protest, were that it is the settled policy of this State, as announced by this court in *Burlage* v. *Burlage*, 65 Mich. 624 (32 N. W. 866), to grant absolute divorces "on grounds of public policy to prevent the mischief arising from turning out into the world, in enforced celibacy, persons who are neither married nor unmarried." The motion for leave to withdraw the cross-bill was denied, substantially, for the reason that it came too late. The court said, in part:

"If parties are to be permitted to litigate their differences to a conclusion, so that nothing remains to be done but the final formal signing of the decree, and then because the decree ordered by the court is not satisfactory, withdraw their suit, and render nugatory all that has gone before, it makes court procedure at best at the whim of litigants, if not an idle mockery. And especially are these conclusions applicable, as already pointed out, in a divorce case. *Winans* v. *Winans*, 124 N. Y. 140 (26 N. E. 293). It is a well-recognized rule of practice on the law

side of the court, for which there is ample precedent, that, in the absence of a set-off or counterclaim, the plaintiff may, at any time before verdict, discontinue his suit; but no rule, statute, or opinion can be found in any jurisdiction which authorizes such a discontinuance after verdict and before judgment. By analogy, why does not the same rule prevail in equity? The question now before the court would not have been presented had the cross-complainant withdrawn her cross-bill before the opinion of the court was announced. To grant her leave to take this step because she does not like the opinion of the court, or to encourage any such practice, would be to tolerate and encourage trifling with the courts, something which obviously is not to be thought of."

The form of decree which shall be entered in cases like the present rests in the sound discretion of the circuit court in the first instance, and, upon appeal, in the sound discretion of this court. *Horning* v. *Horning*, 162 Mich. 130 (127 N. W. 275).

Our previous decisions as to the policy which should govern the decision of the courts fully support the determination of the circuit court. *Burlage* v. *Burlage*, 65 Mich. 624 (32 N. W. 866); *Sullivan* v. *Sullivan*, 112 Mich. 674 (71 N. W. 487); *Utley* v. *Utley*, 155 Mich. 258 (118 N. W. 932); *Horning* v. *Horning, supra.* In 1905 the legislature adopted an amendatory act taking from the courts the discretion to grant an absolute divorce "where the same is not asked for by the complainant in the bill of complaint filed therein or by the defendant on a cross-bill." Act No. 135, Pub. Acts 1905. In 1907, however, the legislature again amended the section, substantially recommitting the form of the decree to the discretion of the courts, and, necessarily, in accordance with the policy governing their discretion theretofore announced. Act No. 324, Pub. Acts 1907. The facts that defendant did not initiate the litigation, but was compelled to come into court to defend herself, and was free from blame, do not affect this question. When she filed her cross-bill, she submitted her rights to the court to the same extent as if she had filed an original bill, and, if the court was

right in denying her motion to dismiss the cross-bill, we are of the opinion that he entered the proper form of decree.

The defendant urges "that under the facts as disclosed by this record the defendant was legally and equitably entitled to withdraw her cross-bill," and cites in support of her position *Seymour* v. *Jerome,* Walk. Ch. (Mich.) 356; *Watt* v. *Crawford,* 11 Paige (N. Y.), 472; Jennison on Chancery Practice, p. 103; *Clutton* v. *Clutton,* 106 Mich. 690 (64 N. W. 744); *Pullman's Palace Car Co.* v. *Transportation Co.,* 171 U. S. 138 (18 Sup. Ct. 808); *Stover* v. *Stover,* 7 Idaho, 185 (61 Pac. 462); *Adams* v. *Adams,* 57 Misc. Rep. 150 (106 N. Y. Supp. 1064); *Milliman* v. *Milliman,* 45 Colo. 291 (101 Pac. 58, 22 L. R. A. [N. S.] 999, 132 Am. St. Rep. 181). See, also, *Moore* v. *Moore* (Sup.), 22 N. Y. Supp. 451; *Id.* 138 N. Y. 679 (34 N. E. 373); 14 Cyc. p. 701; 7 Enc. Pl. & Prac. p. 116. We think the general rule to be deduced from the authorities is that in divorce proceedings the complaining party may dismiss his suit at any time before interlocutory or final decree, in the absence of any legal interest on the part of the defendant or of the State to the contrary. It was held by the court of appeals of New York in *Winans* v. *Winans,* 124 N. Y. 140 (26 N. E. 293), that:

"The rights of the party to the record are not alone to be considered, the public is regarded as a party, and must be treated as such by the court."

Our statutes provide for the representation of the public interest by the prosecuting attorney where there are children under fourteen years of age, and, since the sanctity of the marriage relation underlies our civilization, we have no doubt that the interests of the State should be considered. In *Winans* v. *Winans* the alleged marriage was denied by defendant and the issue involved a determination of the legitimacy of a child. In the subsequent case, however, of *Moore* v. *Moore,* 138 N. Y. 679 (34 N.

E. 373), the court affirmed *Moore* v. *Moore* (Sup.), 22 N. Y. Supp. 451, where it was held that the public has no such interest in an action for divorce where no issue is raised as to the legality of the marriage as will require the court, in the exercise of its discretion, to deny plaintiff's application for a discontinuance. In the instant case we do not perceive how the interests of the State or the legal rights of the complainant would be prejudiced by the granting of defendant's motion. Certainly it is not for the interest of the State that the guilty husband, who has violated his marriage covenant, should obtain by indirection a divorce from his innocent wife, who is willing to condone his offense and renew marital relations. In this respect we concur in the reasoning of the Supreme Court in *Adams* v. *Adams,* 57 Misc. Rep. 150 (106 N. Y. Supp. 1064).

In our opinion the defendant should have been permitted to dismiss her cross-bill and a decree entered dismissing complainant's bill of complaint. A decree may be entered in accordance with this opinion, the subject of expenses and allowances to be considered on the settlement of the decree, unless counsel agree thereto.

HOOKER, MOORE, MCALVAY, and BROOKE, JJ., concurred.