EISENBACH *v.* EISENBACH.

1. DIVORCE—DISMISSAL OF BILL—DECREE.
   Notwithstanding the filing of an answer in the nature of a cross-bill, in a suit for divorce, the complainant is entitled to dismiss the proceedings without prejudice at any time before interlocutory or final decree, unless some legal interest of defendant or the State precludes.

2. SAME—INTERLOCUTORY ORDERS AND DECREES.
   Neither an order restraining defendant husband from incumbering or selling his property pending suit for divorce, nor an order for the payment of temporary alimony, so affects the merits of the controversy as to deprive complainant of her right to dismiss.

3. SAME.
   Complainant was entitled to dismiss her bill for divorce after the hearing and before a final decree had been entered, her counsel having asked for and obtained further time to secure additional testimony, and the time having expired without complainant taking any steps to introduce the additional proof.

Appeal from Mecosta; Barton, J. Submitted June 3, 1913. (Docket No. 17.) Decided July 9, 1913.

Bill by Amy Eisenbach against Martin Eisenbach for divorce. From a decree dismissing the bill, complainant appeals. Reversed.

*W. D. Fast,* for complainant.

*Broomfield & Worcester,* for defendant.

BIRD, J. On April 5, 1911, complainant filed her bill of complaint in the Mecosta circuit court charging defendant with extreme cruelty and praying for a decree of divorce, alimony, and the custody of their four children. The defendant filed an answer in the nature of a cross-bill in which he denied complainant's charges and charged her with extreme cruelty, with a prayer for relief. The case came on for hearing in February, 1912, and, after the testimony was closed and the case argued, complainant's counsel asked for further time in which to secure the depositions of certain nonresident witnesses. The application was granted and complainant was given 73 days, or until the first day of the May term, in which to secure the same. On the adjourned day the matter came on for hearing again, at which time the complainant asked for 30 days' further time in which to secure said deposition; for some reason which the record does not disclose, they had not been secured during the adjournment. This application was opposed by defendant and denied by the court. Thereupon complainant asked leave of the court to dismiss her bill without prejudice. The court refused to grant the request and rendered a decree therein, dismissing both bill and cross-bill. From this decree the complainant has appealed.

But one complaint is made by her on this appeal, and that is the refusal of the court to permit her to withdraw her bill of complaint without prejudice. It is argued in her behalf that she had a legal right to discontinue her case any time before final decree.

This precise question appears to have been considered and determined in the case of *Coon* v. *Coon,* 163 Mich. 644 (129 N. W. 12). In that case Mr.

Justice BLAIR reviewed the authorities at considerable length and as a result of it stated the rule to be as follows:

"We think the general rule to be deduced from the authorities is that in divorce proceedings the complaining party may dismiss his suit at any time before interlocutory or final decree, in the absence of any legal interest on the part of the defendant or of the State to the contrary."

If we apply this rule to the case made by this record, it at once becomes apparent that complainant was entitled to the order which she asked.

It is, however, argued by the defendant that the two orders made by the chancellor, namely, one for an injunction and the other for temporary alimony, were interlocutory decrees, and that complainant was thereby deprived of her right to dismiss her case as a matter of course. The interlocutory decree, which deprives a complainant of the right to dismiss his bill as of course, must be such an order or decree as affects the merits of the controversy. 16 Cyc. p. 461. The order for an injunction was made to prevent defendant from selling or incumbering his property until the merits of the case could be heard, and the order for temporary alimony was made to furnish complainant with support and with means to get the merits of her case before the court. It cannot be said that these orders were a partial adjudication on the merits of the controversy. We are of the opinion that no interest of the defendant nor of the State will be injuriously affected by allowing complainant to dismiss her suit without prejudice.

The decree will be reversed, and such an order will be entered in the trial court. The complainant will recover her costs in this court.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and OSTRANDER, JJ., concurred.