## COLE *v.* COLE.

1. DIVORCE—EXTREME CRUELTY—PROFANE OR OBSCENE LANGUAGE.
   Evidence in a suit for divorce *held*, to sustain a decree for plaintiff on the grounds of extreme cruelty and profanity in the presence of the wife and children.

2. SAME—PROSECUTING ATTORNEY—APPEARANCE.
   Failure to serve a subpœna on the prosecuting attorney and his non-appearance in court did not affect the jurisdiction and were mere irregularities.

3. SAME—AMENDMENT—DISCRETIONARY POWER.
   A wide discretion is vested in courts of chancery to allow amendments to a bill to conform to the proofs taken.

4. SAME—EVIDENCE.
   And, *held*, that such discretion was not abused in refusing defendant's request to open the case for further proofs, on the showing made, under Act No. 314, Pub. Acts 1915, 3 Comp. Laws 1915, § 12478.

5. SAME—BILL FOR SEPARATE MAINTENANCE—ABSOLUTE DIVORCE— POWER OF COURT.
   Under Act No. 324, Pub. Acts 1907, the court did not err in granting a decree of absolute divorce, upon testimony which entitled plaintiff to the same, and that, though the prayer was for separate maintenance, no reference

being made in the pleadings to 3 Comp. Laws 1915, §
11399. The subject is one for the discretion of the court
below.

Appeal from Wayne; Perkins, J., presiding. Submitted October 17, 1916. (Docket No. 132.) Decided December 21, 1916.

Bill by Julia Cole against Charles W. Cole for separate maintenance and alimony. From a decree for complainant, defendant appeals. Modified and decree for absolute divorce entered.

*William Van Dyke,* for complainant.

*Bennett & Miller,* for defendant.

STONE, C. J. The original bill of complaint in this case was filed to obtain a decree for a "separate maintenance from the bed and board of the defendant," for the custody of three minor children of the parties, for alimony, and that certain real estate of the parties be "set off and aside as the separate property" of the plaintiff, as part of the provision for her separate maintenance. The grounds for the decree, as stated in the original bill, were as follows:

"That said Charles W. Cole has become an habitual drunkard since the marriage herein set forth, and is so habitually addicted to the use of intoxicating liquors that he can no longer resist, and is drunk and under the influence nearly every day, and while in such condition is irresponsible and abusive; that said Charles W. Cole, being of sufficient ability so to do, now fails and neglects and refuses to provide any money for the support of your oratrix and said children."

The answer contained a specific denial of the grounds stated in the bill, charged the plaintiff with extreme cruelty, and prayed the benefit of a cross-bill, and that defendant be granted an absolute divorce. Upon the hearing there was testimony of extreme

cruelty on the part of defendant toward plaintiff, and defendant gave testimony tending to deny the same. At the close of the evidence, it was urged by defendant's counsel that the bill of complaint did not charge extreme cruelty. Thereupon, the plaintiff was granted leave to file an amended bill of complaint, charging extreme cruelty to conform with the testimony upon that subject. An amended bill was filed and sworn to by plaintiff. It contained the following additional allegation:

"That said Charles W. Cole has used personal violence towards plaintiff; abuses, annoys, nags her, and is continually complaining without cause of the household affairs; is constantly quarrelsome and nagging; uses vile language, curses, and swears at plaintiff in the presence of their children—all of such treatment constituting extreme and repeated cruelty toward plaintiff."

Thereupon the defendant answered the amended bill, and moved the court for an order opening the proofs and permitting additional testimony upon the subject of cruelty. The application did not state any proposed new testimony, and the court refused to open the case, holding that the subject, upon its merits, had been fully gone into upon the hearing.

A decree was entered in the court below, stating that the material averments in the bill of complaint were true, and particularly that the defendant had been guilty of extreme and repeated cruelty toward plaintiff, and that she was entitled to relief. It further ordered and decreed that the plaintiff was entitled to separate maintenance from the defendant, and that she be allowed, and defendant should pay to her, the sum of $16 per month for the support of herself and the younger children, to wit, Adeline Cole and Helen Cole, until the older of said children should attain the age of 21 years, die, be married, or become self-sup-

porting, when said sum should be reduced to $8 for the support of the younger of said children, and until she should attain the age of 21 years, die, be married, or become self-supporting; and further providing that, if either of said children should die under age then the said sum should be reduced to $8, and if both should die no further payments should be made; and providing that said sum should be paid to the register in chancery on the first day of each and every month thereafter, the first payment to cover the month of February, 1916. The decree further gave the plaintiff the custody of the minor children of the parties. It further adjudged that the use, occupancy, and possession of the real estate of the parties as described in the bill of complaint, and known as 1429 Chene street in the city of Detroit, 28 Warsaw Place in the city of Detroit, and 1401 Harper avenue in the township of Hamtramck, "because of the extreme cruelty aforesaid and his neglect to support the said Julia Cole and the children aforesaid, be allotted, assigned, set apart and decreed to her as alimony for her support, and its possession and control to her awarded, such allotment order and setting aside being during the joint lives of the said parties, or until further order of this court"; providing that said plaintiff should maintain said properties and keep up payments, interest, taxes, and assessments upon the same, and keep the same reasonably insured against fire.

The cross-bill in defendant's answer was dismissed without prejudice to the right of defendant, in the event of cause for divorce arising subsequent to the decree. The defendant has appealed from this decree. He makes objection to the proceedings as follows:

(1) There was no appearance by the prosecuting attorney to represent the people in this litigation, although there were two minor children of tender age.

(2) The petition contained no charge of extreme

cruelty, merely abuses while under the influence of liquor.

(3) An amended petition averred extreme cruelty, was answered under oath by permission of the court, but permission to present proofs in support of this answer was denied the defendant.

(4) That the sole cause clearly set out in the original petition, namely, drunkenness, was not shown by any evidence upon the hearing.

The serious objection, however, that is urged by counsel for defendant, is that there should have been a decree of absolute divorce granted by the court below.

A careful perusal of the record shows that there was ample testimony on behalf of the plaintiff of extreme cruelty by the defendant, consisting not only of personal violence, destruction of furniture and household goods, but also of profane and obscene language in the presence of plaintiff and her children. We are of opinion that the evidence was such as to justify the court in finding that a cause for divorce had been established by the plaintiff's testimony, and we are not disturbing the finding of the court upon that question.

There is abundant proof to show that these parties have become so estranged that it will be impossible for them to assume their relations as husband and wife. As was said by this court in *Utley* v. *Utley*, 155 Mich. 258 (118 N. W. 932) :

"We agree with the learned circuit judge in finding that the charges of cruelty are sustained. These are charges of personal violence and of threats to do complainant personal injury, the effects of which are to make her nervous and constantly afraid. We are impressed that the parties should be relieved entirely of the relations entered upon with their marriage, and that a disposition of the property should be made which will render personal relations of any kind unnecessary and unlikely to occur."

Referring to the matters of practice complained of by defendant's counsel, we are of the opinion that the failure to serve the subpoena on the prosecuting attorney, and his nonappearance in the case, did not affect the jurisdiction of the court, and were mere irregularities; and, it appearing that the interests of the children have been fully protected, the decree should not be disturbed for those reasons.

We have no doubt of the power of the court below to permit the filing of the amended bill of complaint. A wide discretion is vested in courts of chancery to allow amendments to a bill to conform to the proofs taken. *Babcock* v. *Twist,* 19 Mich. 516; *Church* v. *Holcomb,* 45 Mich. 29 (7 N. W. 167); *Dodson* v. *McKelvey,* 93 Mich. 263 (53 N. W. 517). See, also, chapter 16, § 1, judicature act, Act No. 314, Pub. Acts 1915, 3 Comp. Laws 1915, § 12478). The record shows that the subject of extreme cruelty had been fully gone into by both parties upon the hearing, and we think that there was no abuse of discretion on the part of the court in refusing to open the case for further proofs, upon the showing made.

An important question in the case is whether this court has the power to grant an absolute divorce herein, and that depends upon whether this bill can be said to have been filed under section 8686, 3 Comp. Laws, 3 Comp. Laws 1915, § 11479. That was an act passed in 1889, and was entitled:

"An act to provide wives with property and maintenance from their husbands' estates when neglected or deserted by them, or when the husband has become an habitual drunkard or has practiced extreme cruelty towards his wife or committed any offense sufficient to entitle the wife to a decree of divorce or separation." Act No. 243, Pub. Acts 1889.

There is nothing in this statute authorizing the court to provide separate maintenance from bed and

board of the defendant for life, or any term of years. The idea of a separate maintenance or a decree from bed and board is not within the purview of this statute. A perusal of both the original and amended bills of complaint in the instant case will show that no reference is made to this statute. As was held in *Horning* v. *Horning,* 162 Mich. 130 (127 N. W. 275), the bill of complaint is in form and substance in every particular a bill for divorce, except the prayer, which is for an allowance for separate maintenance from bed and board of defendant in accordance with the statutes of this State. The bill alleges the marriage of the parties, the names and ages of the children, and noncollusion and nonconniving clauses required in a bill for divorce, and the *jurat* thereto complies with the statute relating to divorces. It would seem that the decree below was for the separate maintenance from bed and board for life, or until the further order of the court. Such a decree of separation was formerly called "*a mensa et thoro*," and such a decree is recognized as a decree of divorce. *Horning* v. *Horning, supra.* We think the bill of complaint in this case was so similar to the bill of complaint in the *Horning Case* that the doctrine of that case should apply here. While not controlling, it is a significant fact that, upon the hearing of this case before the court, plaintiff's counsel stated that it was a divorce case. We have examined in this connection the case of *Lacey* v. *Lacey,* 189 Mich. 271 (155 N. W. 489). In that case the bill was filed under the provisions of section 8686, 3 Comp. Laws. In it the plaintiff prayed neither for a divorce nor a separation, but her prayer was for financial aid and maintenance only. Justice STEERE, in the course of the opinion, used the following language:

"While, in suits for divorce either limited or absolute, the court to which application may be made is held vested with discretionary authority to grant an

absolute divorce against the desires of the complaining spouse found to be in the right (although only a limited divorce with separate maintenance has been requested), we do not find that under this statute, where no separation of any kind is asked or desired by petitioner, a decree forcing an absolute divorce upon an innocent wife has been sustained."

There is nothing in that opinion, in our judgment, inconsistent with holding that we have authority in the instant case, under our present statute, to grant an absolute divorce.

In *Burlage* v. *Burlage*, 65 Mich. 624 (32 N. W. 866), and in *Sullivan* v. *Sullivan*, 112 Mich. 674 (71 N. W. 487), it was held that the court might, in its discretion, grant an absolute divorce although the complainant asked for a decree of separation only. But by Act No. 135, Pub. Acts 1905, it was provided that no divorce from the bonds of matrimony for either of the causes mentioned in the statute should be entered in any case where the same was not asked for by the complainant in the bill of complaint filed therein, or by the defendant on a crossbill. However, by Act No. 324, Pub. Acts 1907, 3 Comp. Laws 1915, § 11399, the statute was again amended to read as follows:

"But no divorce from the bonds of matrimony for either of the causes mentioned in the preceding section shall be entered in any case where the same is not asked for by the complainant in the bill of complaint filed therein, or by the defendant on a cross-bill unless the court hearing the evidence shall deem it for the best interests of the parties to grant a divorce from the bonds of matrimony and in that event the court may grant such divorce."

Under this provision of the statute, the subject was recommitted to the discretion of the court, and the cases of *Horning* v. *Horning, supra, Coon* v. *Coon*, 163 Mich. 644 (129 N. W. 12), and *McCue* v. *McCue*,

191 Mich. 1 (157 N. W. 369), have been followed. We have therefore no doubt of the right of this court to enter a decree of absolute divorce in favor of the plaintiff in this case; and in our judgment, that course should be taken, and the decree will so provide.

The evidence shows that the property of these parties, consisting of real estate, is held by them as tenants by the entirety under land contracts. We think there should be a division of this property between the parties. As we understand the record, the homestead, now occupied by the plaintiff and family, is the property known as 1401 Harper avenue in the township of Hamtramck. There is a considerable sum still unpaid upon this land contract. We understand that the property known as 1429 Chene street in the city of Detroit has been fully paid for. These two pieces of property should, in our opinion, be assigned and decreed to the plaintiff as her sole, separate, and absolute property in fee, subject to the land contracts, and the same will be so ordered and decreed. This provision is made in lieu of the dower of the wife in the real property of the defendant, and such provision shall be in full satisfaction of all dower and other claims that plaintiff may have in any property or real estate which the defendant will obtain by this decree, or may hereafter own, or in which he may have any interest. The remaining piece of real estate, known as 28 Warsaw Place, city of Detroit, will be, by the decree, assigned and set over to the defendant as his sole, separate, and absolute property in fee, subject to the land contract, free and clear from dower or other claims or rights of the plaintiff therein, except that plaintiff shall have a lien thereon for the payment of the alimony herein provided.

We are not disposed to disturb the decree of the court below in the provision for payment to the plaintiff by the defendant of $16 per month upon the terms

and as provided for in the decree below, except in this: In the making of payment by the defendant to plaintiff of said $16 per month since the making of the decree below, there may be deducted from such payment any sum which the plaintiff has received as rent of 28 Warsaw Place over and above any expenditures which she has made thereon for taxes, insurance, repairs, or other improvements during that period.

The decree for costs below will stand affirmed, and an additional solicitor's-fee to the plaintiff in this court of $30 will be allowed. No other costs will be decreed in the case. A decree will be prepared in this court in accordance with this opinion.

KUHN, OSTRANDER, BIRD, MOORE, STEERE, and BROOKE, JJ., concurred. PERSON, J., did not sit.