## DREIJER *v.* DREIJER.

DIVORCE — SEPARATE MAINTENANCE — ABSOLUTE DIVORCE — DISCRETION OF COURT.

Where a wife filed a bill asking for separate maintenance, defendant filing an answer in the nature of a cross-bill asking for a decree of divorce, and a decree was entered providing for separate maintenance and ordering defendant to pay plaintiff $5 a week; and about a year later defendant moved to modify the decree by granting an absolute divorce and reducing the amount of alimony, in view of the record before this court, settled by agreement, showing that defendant admits his adulterous conduct charged in the original bill, and that he is in default in the payment of alimony, neither the best interests of the parties nor any consideration of public policy requiring the

exercise by the court of its discretion to grant an absolute decree, and, the amount of alimony being reasonable, the order of the court below denying the motion will be affirmed.

Appeal from Kent; Gilday, J., presiding. Submitted January 15, 1918. (Docket No. 77.) Decided March 27, 1918.

Bill by Susie Dreijer against George Dreijer for separate maintenance and alimony. Defendant filed a cross-bill asking for a divorce. A decree was entered for plaintiff and the defendant's cross-bill dismissed. From an order denying defendant's motion to amend, defendant appeals. Affirmed.

*Ellis & Ellis,* for plaintiff.

*H. Monroe Dunham* (*Arthur R. Sherk,* of counsel), for defendant.

OSTRANDER, C. J. Plaintiff is 44, and defendant 47, years of age. They were married in November, 1890, have had five children, four of them—three girls and one boy—living and married. In August or September, 1915, plaintiff filed her bill against defendant asking a decree for separate maintenance and for general relief. In the bill she charges defendant with sexual commerce with other women and shameful conduct. He answered the bill and in his answer asked for affirmative relief, namely, for a decree of divorce. He denied the charges made by his wife and accused her of listening, willingly, to gossip about himself, making unfounded reports the basis of her charges, and unwifely behavior. She answered his cross-bill.

The cause was heard upon pleadings and proofs and a decree made, February 3, 1916, divorcing the parties from bed and board and providing for the separate maintenance of plaintiff by defendant, who is ordered

to pay her the sum of $260 a year, beginning January 26, 1916, in weekly payments of $5 each. Plaintiff is also given possession and use of all household furniture. Costs and a solicitor's fee of $50, defendant is also ordered to pay.

About a year after the decree was made, the defendant moved the court to modify and amend it so as to grant an absolute divorce and so as to reduce the amount of alimony. There was an answer to the petition and various affidavits appear to have been presented to the court. The prayer of the petitioner was denied by an order dated April 24, 1917. When this order was entered does not appear beyond this, that the notice of appeal therefrom describes it as entered May 9, 1917. The record before us was settled by agreement—at least appellee did not oppose and did approve it—and the certificate made thereto by the circuit judge reads:

"The foregoing are all the pleadings in said cause and the affidavits, petitions, exceptions and orders made therein, and it being herein admitted that the material allegations in the bill of complaint and the answer to the cross bill contained are true, and that the said defendant is guilty of the extreme cruelty and misconduct therein charged, and that the material allegations made in the answer and cross bill of the defendant are not true, and that the petition to amend the final decree was heard on answer and affidavits in open court, and denied as herein set forth, therefore, on this 17th day of July, A. D. 1917, said proceedings above set forth, showing the pleadings, decree, petitions, affidavits and other papers on file and of record in said cause and the facts, being the entire case outside of the evidence taken in court therein, are settled and signed as a case-made and settled, pursuant to the statute and within the time prescribed by law."

We have before us none of the testimony given at the hearing of the divorce suit, but have, as is above indicated, the admission of defendant that the charges

made by his wife are true and his counter charges unfounded.

What appellant desires is a decree for divorce and it being admitted that the bill was not filed pursuant to 3 Comp. Laws, §§ 8686, 8687 (3 Comp. Laws 1915, §§ 11479, 11480), he invokes the rule that the discretion of the court may be exercised, in such a case, to grant an absolute divorce against plaintiff's protest, if it seems to be for the best interests of the parties to do so. *Burlage* v. *Burlage,* 65 Mich. 624; *Horning* v. *Horning,* 162 Mich. 130. See, also, *Utley* v. *Utley,* 155 Mich. 258; *Coon* v. *Coon,* 163 Mich. 644; *Lacey* v. *Lacey,* 189 Mich. 271; *Cole* v. *Cole,* 193 Mich. 655. We said in *Burlage* v. *Burlage, supra,* that the authority, where a case is made out for a permanent separation, to grant an absolute divorce, if it appears proper to do so, was not exercised

"To meet the desire of the parties, but on grounds of public policy, to prevent the mischiefs arising from turning out into the world, in enforced celibacy, persons who are neither married or unmarried."

The discretion of the court in these, as in other, cases will be moved as the facts seem to demand. Defendant is not charged with personal abuse of the plaintiff or with failure to support her. He is charged with having committed adultery and with parading his adulterous conduct and his paramour to the shame of his wife and children. He admits the charges. Before this suit was begun, another suit was instituted, for a like reason, but it would appear the evidence to sustain the charges was not available, or it was by her assumed that it was not. In any event, upon defendant's denials she discontinued the suit and marital relations were resumed, to be again broken off when defendant's conduct forced her to take some action.

Defendant says his earnings are insufficient to support himself and pay the stipulated alimony. He is now in default in this behalf. It does not appear that

his financial condition will be improved by his remarriage. He was, when the decree was granted, a traveling salesman, earning, he says, about $65 a month. He now earns, he says, $14 a week. I am impressed that the provision for alimony is reasonable and that the order appealed from should stand. In view of all disclosed circumstances, public policy will be fairly served if defendant is permitted to continue the modest payments in aid of the support of his wife which the decree below provides for.

Order affirmed.

BIRD, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.