### CONKEY v. CONKEY.

1. DIVORCE — PETITION FOR AMENDMENT OF DECREE — NOTICE TO PROSECUTING ATTORNEY—JURISDICTION.

Failure to serve upon the prosecuting attorney notice of husband's petition to amend wife's decree of divorce from bed and board, entered but not enrolled, to a decree of absolute divorce, did not deprive the court of jurisdiction, but was merely an irregularity; no change in the decree awarding custody of the children to the wife being sought.

2. SAME—GRANTING ABSOLUTE DIVORCE WHERE DIVORCE FROM BED AND BOARD SOUGHT.

Where a bill for divorce from bed and board is filed under 3 Comp. Laws 1915, § 11479, a decree of absolute divorce is not permissible, but if filed under section 11398, such decree is permissible (section 11399).

3. SAME—PUBLIC POLICY—ABSOLUTE DIVORCE.

While a divorce may not be granted on the ground of public policy, in determining whether the divorce should be from bed and board or absolute, public policy should be considered.

[1]Divorce, 19 C. J. § 458 (Anno); [2]Id., 19 C. J. §§ 405, 458 (Anno); [3]Id., 19 C. J. §§ 60 (Anno), 401 (Anno).

4. SAME—ABSOLUTE DIVORCE GRANTED.
    Where husband and wife have been hopelessly estranged for over two years and reconciliation is out of the question, husband is entitled to have wife's decree of divorce from bed and board amended to grant an absolute divorce.

5. SAME—ALIMONY.
    A wife who was awarded the custody of the two children by decree of divorce, and whose income from earnings and rent of home is about $140 a month, is entitled to receive from the husband, who is earning $50 a week but is otherwise without property and somewhat in debt, for alimony and support of the children, $100 a month for 20 months, and thereafter $15 a week for the support of the children until the youngest child reaches the age of 14 years, subject to modification under 3 Comp. Laws 1915, § 11408, should the condition of the parties change after the 20-month period.

    SHARPE, C. J., dissenting.

Appeal from Washtenaw; Sample (George W.), J. Submitted October 6, 1926.    (Docket No. 16.)    Decided January 3, 1927.

Bill by Hazel Conkey against Albert D. Conkey for a divorce from bed and board: On petition of defendant for modification of the decree to provide for a decree of absolute divorce.    From an order denying the petition, defendant appeals.    Reversed, and decree entered for defendant.

*Cavanaugh & Burke,* for plaintiff.

*Grosner & Burak,* for defendant.

FELLOWS, J.    Defendant seeks in this proceeding to procure the amendment of the decree entered in the case but not enrolled.    The decree granted plaintiff a divorce from bed and board, gave her the custody of the two children and provided for weekly payments

---

[4]Divorce, 19 C. J. § 458 (Anno); [5]Id., 19 C. J. §§ 614, 817.

by defendant for their support. The prosecuting attorney was served and appeared in the original proceedings. He was not served with notice of this petition and it is insisted that such failure to give notice prevented the court from acquiring jurisdiction of this application. We think this objection is answered by the case of *Cole* v. *Cole,* 193 Mich. 655, where it was said by Chief Justice STONE, speaking for the court:

"Referring to the matters of practice complained of by defendant's counsel, we are of the opinion that the failure to serve the subpœna on the prosecuting attorney, and his nonappearance in the case, did not affect the jurisdiction of the court, and were mere irregularities; and, it appearing that the interests of the children have been fully protected, the decree should not be disturbed for those reasons."

We are not asked to and shall not disturb the custody of the children. The mother is a woman of high character, and the *Cole Case,* above cited, and the instant case are thus readily distinguishable from *Sweeney* v. *Sweeney,* 196 Mich. 240, where the sole question was the custody of the children. The decree was not enrolled and this is not a motion for a rehearing; simply an application for an amendment of the decree. We are persuaded that under such circumstances the court has the inherent power to entertain the application.

The serious question presented is whether the decree should be amended by making the divorce absolute instead of from bed and board. The bill is not filed under section 11479, 3 Comp. Laws 1915, but under section 11398. If under the former a decree of absolute divorce would not be permissible. *Stouten* v. *Stouten,* 235 Mich. 427. Under the latter, it is permissible (section 11399). While a divorce may not be granted on the ground of public policy (*Cowdrey* v. *Cowdrey,* 211 Mich. 305; *Hatfield* v. *Hatfield,* 213

Mich. 368; *Vander Laan* v. *Vander Laan,* 228 Mich. 52), in determining whether the divorce should be from bed and board or absolute, public policy should be considered.   In *Burlage* v. *Burlage,* 65 Mich. 624, Chief Justice CAMPBELL, speaking for the court, said:

"The statute has authorized the courts, where a case is made out for a permanent separation, to decree an absolute divorce, if it appears proper to do so.   This is not done to meet the desire of the parties, but on grounds of public policy, to prevent the mischiefs arising from turning out into the world, in enforced celibacy, persons who are neither married nor unmarried.   If they have scruples about remarriage, there is nothing to prevent their continuing single as long as they choose.   But when the conduct of the party complained of has broken up the marriage relation, and made it impossible to continue it, the law authorizes the courts to annul it."

See, also, *Utley* v. *Utley,* 155 Mich. 258; *McCue* v. *McCue,* 191 Mich. 1; *Horning* v. *Horning,* 162 Mich. 130; *Coon* v. *Coon,* 163 Mich. 644; *Sullivan* v. *Sullivan,* 112 Mich. 674.   Plaintiff is 29 years old, defendant 31.   They are hopelessly estranged, have now been separated for over two years and a reconciliation is out of the question.   Considering all the circumstances we feel it the duty of the court to make the divorce an absolute one.

This necessitates the determination of the question of alimony.   After the parties were married they purchased a home in Ann Arbor on contract, the down payment of $1,500 being made by defendant with money borrowed from his father.   As we understand the record, plaintiff now owns this equity.   If not, defendant should transfer it to her.   She has been obliged to borrow some money to make the payments, but it is now rented for $80 a month.   Plaintiff is now employed and her average monthly wage for a period of one year and seven months preceding the hearing of this motion slightly exceeded $60.   De-

fendant is receiving $50 a week, is without property and somewhat in debt. We conclude that defendant should pay for alimony and support of the children the sum of $100 a month for a period of 20 months, and thereafter, the sum of $15 a week for the support of the children until the youngest child attains the age of 14 years. Should the condition of the parties change after the 20-months period, application may be made to the circuit court under section 11408, 3 Comp. Laws 1915.

While not asking a change of the custody of the children, defendant asks that the provision of the decree permitting him to see them and have them with him should be made more definite. The willingness of plaintiff that the children should see their father and visit him on reasonable occasions and the attitude of her counsel, we think, renders unnecessary any change in the decree in this regard. No costs will be allowed either party on this appeal.

Bird, Snow, Steere, Clark, and McDonald, JJ., concurred with Fellows, J. Wiest, J., concurred in the result.

Sharpe, C. J. (*dissenting*). In my opinion this court should not compel the plaintiff to accept an absolute divorce. The bill was filed under section 11398, 3 Comp. Laws 1915. Had it been filed under section 11479, such a decree could not be granted. The allegations and proofs required are no different under the two sections. It is a little difficult to understand why both are permitted to remain in the statute. But they are there, and this court has several times held that, where the bill is filed under the former section, an absolute divorce may, in the discretion of the court, be decreed. If we reverse the decree entered and grant it, we compel the plaintiff to accept that which she did not ask for and does not want. Had the

trial court expressed an intention to so decree, she might have moved to dismiss her bill, and, had she done so, it would have been compulsory on him to so order. *Coon* v. *Coon,* 163 Mich. 644.

. The decree for separate maintenance was filed and entered on November 24, 1924. It was the duty of the clerk to enroll it after the expiration of 20 days from the time of its entry. 3 Comp. Laws 1915, § 12805. On attention having been called to his neglect, the court would have ordered it enrolled *nunc pro tunc.* 3 Comp. Laws 1915, § 12811; *Powell* v. *Pierce,* 168 Mich. 427, 430. Had it been enrolled at the proper time, or by order, defendant's petition to amend must have been denied. *Simpson* v. *Simpson,* 223 Mich. 246. In my opinion he should not now be permitted to gain an advantage by such omission.

There is nothing in the record which calls upon this court to exercise a discretion favorable to him. He answered the bill, and by cross-bill prayed for an absolute divorce, alleging therein extreme cruelty on the part of the plaintiff. Pending the hearing, the cross-bill was withdrawn. He testified:

"*Q.* The reason you did not push the cross-bill is what?

"*A.* I have nothing to go on."

He did not deny the charges testified to by plaintiff, but contented himself with a showing of his ability to pay. When asked if he understood the nature of the case, he answered: "It is a matter of separate maintenance." On cross-examination, when questioned about his acts of familiarity with a young lady, whose name was not mentioned, he admitted that he had visited her at the house where she was rooming "perhaps half a dozen times," and when asked, "Do you think that is proper procedure for a married man with a couple of children?" answered: "I think so."

He also admitted that he took her to Detroit once and "occasionally took her home from the campus."

But it is said that these parties "are hopelessly estranged, have now been separated for over two years and a reconciliation is out of the question," and that public policy will be better subserved by permitting them to remarry if they wish to do so. There is nothing in the record to even intimate that the defendant has at any time desired a reconciliation, or made any effort to effect one. He has not even visited his children since the decree was granted.

The marriage relationship arises out of contract. 3 Comp. Laws 1915, § 11363. But a status is created thereby in which not only the contracting parties but the State is interested. It—

"involves a personal union of those participating in it of a character unknown to any other human relation, and having more to do with the morals and civilization of a people than any other institution." 18 R. C. L. p. 384.

The defendant has received a liberal education. It cannot be said that he did not fully appreciate the nature of the duties and obligations he assumed when the marriage was entered into. Admitting his misconduct, he is asking to be relieved therefrom. Had the plaintiff been content to struggle along and support herself and their children, the defendant could never have secured a divorce from her. But because she here seeks to compel him to aid in such support, we are asked to say that "public policy" justifies our granting him, against her protest, that which he could not otherwise have obtained.

An examination of the opinion of Chief Justice CAMPBELL, quoted from by Mr. Justice FELLOWS, discloses that the complainant there filed a bill for divorce and was awarded "a separation from bed and board for two years only." On defendant's appeal, this

court, in the exercise of its discretion, granted her that which she had prayed for, an absolute divorce.

There may be cases in which the facts will justify a trial court, in the exercise of its discretion, in granting a decree of absolute divorce when the bill is filed for separate maintenance. Should it do so, this court would be loath to reverse its action. There may be cases in which the facts would seem to so fully justify such action as to cause this court to reverse the decree denying it. But in my opinion we are not called upon to do so on the record before us.

The decree should be affirmed, with costs to appellee.