### WILSON *v.* WILSON.

DIVORCE—PETITION FOR SEPARATE MAINTENANCE—JURISDICTION TO DECREE ABSOLUTE DIVORCE.

Where a wife's petition for separate maintenance on the ground of extreme cruelty is substantially a bill for divorce, making no reference to the separate maintenance statute (3 Comp. Laws 1915, § 11479), and the proofs are sufficient to establish the charges, the court has jurisdiction to grant plaintiff a decree for absolute divorce. SHARPE, C. J., and STEERE and WIEST, JJ., dissenting in part.

Appeal from Genesee; Brennan (Fred W.), J.  Submitted January 12, 1927.  (Docket No. 74.)   Decided May 3, 1927.

Petition by Josephine Wilson against James A. Wilson for separate maintenance.   Defendant filed a cross-bill for a divorce.   From a decree for defendant on the cross-bill, plaintiff appeals.   Reversed, and decree of divorce entered for plaintiff.

*Thomas Stockton,* for plaintiff.

Husband and Wife, 30 C. J. § 904.

McDONALD, J.  The plaintiff has appealed from a decree of the Genesee circuit court granting the defendant a divorce.  On August 17, 1925, the plaintiff filed a petition for separate maintenance, alleging extreme cruelty.  The defendant answered, denying the charges in the petition, and in a cross-bill prayed for an absolute divorce on the ground of extreme cruelty.  On the hearing, the court dismissed the plaintiff's petition and granted the defendant a decree on his cross-bill.

That the marital troubles of these parties were due to the fact that the defendant consorted with other women is established by competent evidence beyond any controversy.  The defendant was a member of the police force in the city of Flint.  His relations with a married woman, one Mrs. Jones, was the cause of much trouble in his family, and resulted in his suspension from the police department.  Mr. Cole, the chief of police, testified as to a conversation he had with the defendant, as follows:

"I told him then if he would give up this woman, I would get rid of her, I would get her out of town, and would not even tell his wife he had one, and he refused to do it.  I brought him in several times afterwards and talked with him to give this woman up, and I had his wife down, had them both in and talked with them, and begged of him to be true to his wife and his children, give this woman up.  He told me he guessed he was too bull-headed to give in.  I called his wife up later in the evening.  After I found out who the woman was I suspended him.  I said in the garage one day, 'If you go home and convince your wife you are through with this woman, and stay with your wife and children, I will keep you on.'  He said, 'Do you think I have a chance?'  I said, 'I think you have if you convince your wife you are through with this woman.'  *  *  *

"Jim told me he would quit, and intended to get out of there, and I tried to keep him there with his family.  I later told him to get another room for

a while and see if he would not do better. Before
this woman came into his life he was grand; he always
spoke well of his family; he was a good officer; when
he got that woman he changed absolutely.   I never
had any complaint about him before, and he never
showed any signs of extreme temper."

Notwithstanding the admonitions of his chief, he
continued to consort with this woman until he was compelled to resign from the force.   There is other testimony showing grave misconduct on the part of the
defendant, the natural result of which was to produce
discord in his home.   The record is conclusive that
he was to blame for all of their domestic troubles.
The allegations in his cross-bill are not sustained by
the evidence.   The court was wrong in granting him
a decree.

As the cause is heard *de novo* in this court, we shall
grant the plaintiff such relief as she is entitled to
under the pleadings and evidence.   This is not a
proper proceeding to provide a wife with separate
maintenance under the provision of Act No. 243, Pub.
Acts 1889 (3 Comp. Laws 1915, § 11479).   Her
petition is substantially a bill for divorce.   It makes
no reference to the separate maintenance statute.   As
was said in *Horning* v. *Horning,* 162 Mich. 130:

"Nothing in this bill of complaint indicates that
the pleader at the time it was drawn had in contemplation the act of 1889.   In form and substance it
conforms with all the statutory requirements for a
bill for divorce, and not with the petition required by
the act of 1889."

Under the circumstances, the court has jurisdiction
to grant the plaintiff a decree for absolute divorce.
*Stouten* v. *Stouten,* 235 Mich. 427.   We think it for
the best interests of the plaintiff and the children that
this court should enter such a decree.

The parties were married in 1915, and have two
sons, aged 6 and 8 years, respectively.   They have

a home valued at $6,000, the title to which they hold by the entireties. The defendant has an automobile in which he has an equity of $400. At the time of the hearing he was working at the Buick Motor Company, and was earning $7.50 or $8 a day. Their household furniture is worth $1,500, subject to an incumbrance of $135. The plaintiff has $500 which she drew from their joint bank account.

The decree will provide that the plaintiff have the custody of the two minor children, and that, until the further order of the court, the defendant shall pay the sum of $15 per week for their support and maintenance. The defendant shall have a deed of the home, but must pay to the plaintiff, for her interest therein, the sum of $2,000, the payment of which to be secured by a lien on the property. As the plaintiff must provide a home for the children, the household furniture should belong to her. The defendant shall have the automobile; and the plaintiff may retain the $500 drawn from their joint account, but shall pay the balance due on the furniture. In the event that the financial condition of the parties may have changed since this case was heard, either party shall have the privilege of applying to the trial court for a modification of this decree.

A decree will be entered in this court in accordance with this opinion. The plaintiff will have costs and an attorney fee of $100.

BIRD, SNOW, FELLOWS, and CLARK, JJ., concurred with McDONALD, J.

WIEST, J. (*dissenting in part*). I think the decree granted in the circuit should be reversed, but cannot assent to the decree directed in the opinion of Mr. Justice McDONALD.

Plaintiff, for conscientious reasons, does not want a divorce, and, therefore, applied for separate main-

tenance, as she had a right to do. Unfortunately, she invoked such relief under the statute permitting the court to grant separate maintenance or a divorce. Had she invoked another statute she could have the relief she asks and the court could not compel her to take a divorce. The reserve power to grant a divorce instead of separate maintenance should be exercised in accordance with the application of the wronged wife, unless good reason exists for refusal. There is no appeal to my sense of equity in refusing her what she is entitled to have and compelling her to free her husband. Just how the best interests of plaintiff and the two little children will be served in compelling this innocent wife to accept the relief the guilty husband wants is beyond my imagination.

The decree should be reversed and a decree entered here for separate maintenance, thereby leaving defendant incapable of contracting another matrimonial alliance and keeping him in a position to devote his earnings, in part, to the worthy end of supporting his wife and children.

SHARPE, C. J., and STEERE, J., concurred with WIEST, J.