KELLY *v.* KELLY.

1. DIVORCE—TIMELY PETITION TO AMEND DECREE.
    Petition to amend divorce decree, where made before its enrollment, was timely, although not made until about three years
    after decree was rendered.

2. SAME—STIPULATION BINDING ON PARTIES AS TO PROPERTY SETTLE
    MENT NOT BINDING ON COURT AS TO DIVORCE DECREE.
    Although parties to divorce proceeding may enter into stipulation binding on them as to alimony and property settlement,
    said stipulation could in no way regulate or bind court as to
    what it should do in regard to granting divorce.

3. SAME—STATE IS PARTY.
    State is party to every divorce proceeding, and it alone, speaking
    through its courts, determines what, if any, relief shall be
    given.

4. SAME—COURT HAS JURISDICTION TO GRANT ABSOLUTE DIVORCE
    NOTWITHSTANDING PLEADINGS.
    Although husband's bill for divorce was withdrawn, and wife's
    cross-bill was for limited divorce under 3 Comp. Laws 1915,
    § 11398, rather than for separate maintenance under section 11479, court had jurisdiction, under latter section, to
    render decree for absolute divorce, had it determined such
    decree to be for best interests of parties.

5. SAME—COURT SHOULD CONSIDER BEST INTERESTS OF PARTIES.
    In determining public policy in regard to granting divorce
    decree, court should consider best interests of all parties
    involved, and particularly those of wife and children, and
    should not force divorce upon innocent wife except where
    unusual circumstances demand it, and then only after proper
    provision has been made for support of herself and children.

6. SAME—AMENDMENT PROPERLY REFUSED WHERE NOT FOR BEST
    INTEREST OF WIFE.
    Husband's petition to amend decree of limited divorce to wife so
    as to provide for absolute divorce and for reduction of alimony
    was properly denied, where it appears that wife was innocent

party, and granting of absolute divorce might work hardship on her in that husband, if he remarries, might not be able to pay alimony.

Appeal from Shiawassee; Collins (Joseph H.), J. Submitted April 10, 1930. (Docket No. 55, Calendar No. 34,882.) Decided December 2, 1930.

Petition by John R. Kelly to modify a decree for separate maintenance granted Mae E. Kelly in accordance with stipulation agreement. From an order denying absolute divorce and reserving decision on modification of alimony payments, both parties appeal. Affirmed.

*Pulver & Bush,* for plaintiff.

*Matthews, Hicks & Des Jardins,* for defendant.

Butzel, J. John R. Kelly, plaintiff and appellant, brought a suit for absolute divorce against Mae E. Kelly in the year 1923. He was then 46 years of age and she 50. They had been married almost 24 years and had one child, a daughter, 13 years of age. Plaintiff charged his wife with being a scold and having a fault-finding, nagging, and jealous disposition, and of making false accusations against him. Defendant in her answer and cross-bill specifically denied plaintiff's allegations. She, in turn, charged him with neglecting her while she was seriously sick with smallpox and of refusing to cohabit with her thereafter; with being irritable and quarrelsome, largely on account of business reverses; with consorting with other women and remaining out very late at nights, several times a week, and at times not coming home at all; that he excused such conduct by claiming he was working,

although one night after watching him she found that he was waiting for another woman whom he accompanied down a dark street. She further accused him of obtaining the little property she possessed by means of fraudulent representations and then appropriating it to his own use. Instead of filing her cross-bill for separate maintenance under section 11479, 3 Comp. Laws 1915, defendant sought a divorce from bed and board under section 11398, 3 Comp. Laws 1915. Kelly filed an answer denying the allegations of defendant's cross-bill. After a delay of three years, the case was brought on for hearing. Neither party in the meantime seems to have shown any desire for an earlier hearing. Mrs. Kelly claims that she always had and still has hopes for a reconciliation. Just prior to the hearing, plaintiff withdrew his bill of complaint, leaving the case to be heard on defendant's cross-bill. Contemporaneously with such withdrawal, the parties entered into a stipulation, where it is recited that the parties have not lived together as husband and wife for the past four years; that divorce proceedings have been pending since 1923; that plaintiff has withdrawn his bill of complaint, and that it appears that the parties "may" not live together again; that they desire to have a permanent settlement of their property and rights and that, therefore, Kelly agrees to turn over to his wife certain property, and further, to pay her the sum of $15 a week as long as their daughter shall continue to attend school, and thereafter $12 a week, all of which to be in lieu of Mrs. Kelly's dower rights, etc.

The stipulation also provides as follows:

"And it is further agreed that if Mae E. Kelly shall present to the court evidence sufficient to sus-

tain her bill of separate maintenance, and the court shall see fit to grant the prayer of her bill and a decree for limited divorce, known as separate maintenance, shall be entered that said decree shall embody the terms and agreements herein agreed to without further costs against plaintiff.''

The stipulation was presented to the court at the hearing, whereupon just sufficient testimony was taken to enable Mrs. Kelly to obtain a divorce from bed and board. The proof was limited simply to Mr. Kelly's actions while at home, his business reverses, his moroseness, and his neglect of Mrs. Kelly. The provisions of the decree for alimony and the property settlement were in accordance with the stipulation entered into between the parties. After setting aside to Mrs. Kelly her share of the small amount of property belonging to the parties, the decree orders alimony of $15 a week to be paid to Mrs. Kelly while the daughter is attending school and $12 a week thereafter.

On November 23, 1929, over three years after the decree was granted and seven years after the separation, Kelly filed a petition asking that the decree be amended so as to provide for an absolute divorce instead of a limited one, and also that the alimony be reduced. He alleges that he promptly paid the alimony of $15 a week until his daughter graduated from high school, and thereafter at the rate of $12 a week; that he has been paying the daughter's expenses in college and that he wishes to give her also a university education; that he has been unsuccessful financially; that his business failed and was being continued only through the assistance of his brother, who bought it at receiver's sale, and to whom he is indebted in a very large amount; that the business itself is overladen with debts; that, now

that seven years have elapsed without any change of feeling on his part, there is absolutely no hope or chance of a reconciliation; that he is anxious to establish a home again; that he finds himself neither married nor unmarried, and that enforced celibacy is against public policy; that his wife is in much better financial condition than he is.

In her answer Mrs. Kelly alleges that she is in very bad financial condition; that she rents out part of the home and that the net amount she receives, after paying taxes and the upkeep, is very small; that she is dependent on the weekly alimony for her support, and that if this is cut off she will be forced to look to relatives and friends for assistance in her old age; that she has not given up hope of a reconciliation. She further alleges that through no fault of hers the decree was not enrolled until after plaintiff filed his petition for an amendment, over three years after the decree was rendered, and she petitions that it be considered as if enrolled at the time it was entered, *nunc pro tunc*. In that event it would be too late for plaintiff to ask for an amendment. She further asks that the petition be considered as one for a rehearing, which she claims it really is, and she contends that, under Circuit Court Rule No. 56, it should not now be considered, as more than four months have elapsed since the time the decree was entered. The circuit judge properly held that as a matter of fact the decree was not enrolled, and that the petition for its amendment was still timely, but that, inasmuch as the decree was based upon the agreement of the parties evidenced by the stipulation filed, it should not be amended. From this decision Kelly appeals.

Kelly claims that, under the rule stated in *Conkey* v. *Conkey*, 237 Mich. 326, and the cases therein cited,

and the subsequent case of *Wilson* v. *Wilson*, 238 Mich. 555, the court has jurisdiction to grant Mrs. Kelly an absolute divorce notwithstanding the fact that she has asked only for a limited divorce and not for separate maintenance under section 11479, 3 Comp. Laws 1915. We do not believe that the stipulation entered into by the parties distinguishes it from the cases just cited. While it was proper to enter into the stipulation, which was binding as to alimony and the property settlement, it could in no way regulate or bind the court as to what it should do in regard to the granting of a divorce. The State is a party to every divorce proceeding, and it alone, speaking through its courts, determines what, if any, relief shall be given. It is not bound by any agreement between parties litigant. The stipulation itself was conditioned upon the granting of the decree, which was to embody the terms and agreements made between the parties. Had the court determined that an absolute divorce was for the best interests of the parties, under section 11399, 3 Comp. Laws 1915, it could have rendered such a decree. The more serious question, however, is whether the court should amend the decree at the present time.

In determining public policy, the court should consider the best interests of all of the parties involved, and particularly those of the wife and children. There is only one child, and it can be said to the credit of both parties that she has been well cared for; they have both contributed to her education and support. Considering the fact that the daughter is now 19 years of age and that petitioner has helped her secure a good education and expresses his desire to continue to do so, her interests are not affected. After seven years' separation, without any

hope of reconciliation with his wife, petitioner may be better off with an absolute divorce. As Chief Justice CAMPBELL stated, in *Burlage* v. *Burlage,* 65 Mich. 624:

"The statute has authorized the courts, where a case is made out for a permanent separation, to decree an absolute divorce, if it appears proper to do so. This is not done to meet the desire of the parties, but on grounds of public policy, to prevent the mischiefs arising from turning out into the world, in enforced celibacy, persons who are neither married nor unmarried. If they have scruples about remarriage, there is nothing to prevent their continuing single as long as they choose. But when the conduct of the party complained of has broken up the marriage relation, and made it impossible to continue it, the law authorizes the courts to annul it."

Coming now to a consideration of the interests of Mrs. Kelly, the innocent party, whom, according to the record and decree, Kelly treated with extreme cruelty, we find nothing to show that she was to blame for the conditions as they exist. While we are not unmindful of the cases of *Conkey* v. *Conkey, supra,* and *Wilson* v. *Wilson, supra,* we are nevertheless appreciative of the fact that in the present case Kelly acknowledges his inability to continue paying the sum of $12 a week alimony, as ordered by the decree, and at the same time asks that he be put in a position where he can remarry and thus incur additional obligations, which usually follow.

In determining public policy, the court should not force a divorce upon an innocent party at the request of the guilty one except when very unusual circumstances demand it and then only after proper provision has been made for the support of the wife

and children.  In the present case, it would appear that a divorce will be a real hardship on the wife. The plaintiff asks that the alimony be reduced and at the same time he be placed in a position where, on account of the responsibilities which he will assume if he remarries, he may not be able to pay the present alimony or even a reduced amount, should the court find it proper to make a reduction.

We find that the conclusion of the court below was correct in refusing to amend the decree, which is herewith affirmed, with costs to defendant.

WIEST, C. J., and CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.