GREENE v. GREENE.

1. HUSBAND AND WIFE—SEPARATE MAINTENANCE—PLEADING.

Defendant wife's cross-bill which sought a decree for separate maintenance and neither directly nor indirectly asked for a divorce did not confer jurisdiction upon the court to grant an absolute divorce merely because she failed to cite the numerical ,reference to the statute under which relief was limited to separate maintenance (CL 1948, § 552.301).

2. DIVORCE—SEPARATE MAINTENANCE—REHEARING.

Decree granting wife an absolute divorce is reversed and remanded for rehearing of the issues presented by husband's bill for divorce and wife's cross-bill for separate maintenance and for entry of a new decree upon the whole record according to the right of the case then appearing.

Appeal from Wayne; Murphy (Thomas J.), J. Submitted June 4, 1963. (Calendar No. 7, Docket No. 50,058.) Decided September 4, 1963.

Bill by Gerald Greene against Bertha J. Greene for divorce on grounds of extreme and repeated cruelty. Cross-bill by defendant asking separate maintenance. Decree granting defendant divorce. Defendant appeals. Reversed and remanded for dismissal of bill and cross-bill.

*Edmund W. Tropp,* for plaintiff.

*Michael Kranson,* for defendant.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 17 Am Jur, Divorce and Separation § 334.

KELLY, J.   Plaintiff husband filed a bill of complaint for divorce alleging defendant wife had been guilty of extreme and repeated cruelty, and defendant wife filed a cross-bill asking for separate maintenance also alleging that her husband had been guilty of extreme and repeated cruelty.

At the time of trial the parties had been married 31 years and had 3 grown children, ages 30, 28, and 26.

Appellee-husband testified that his wife called him "a monster" and "stupid"; that she stated she hated him and wouldn't eat her meals in his presence and didn't want to breathe the same air he did; that she threw things at him, struck him, and scratched him in his sleep; that she falsely accused him with carrying on an affair with a woman in Chicago and so informed his neighbors, friends, and associates; that she was domineering and that when his last child left the home he found it impossible to live with her.

Two of plaintiff's witnesses corroborated his testimony in regard to his wife's accusations and informing his associates about the Chicago woman, and they also testified that his wife said she had a detective following him.

Before the court interrupted the testimony of defendant-wife she had testified that her husband gambled all of his earnings; that he struck her on many occasions and left bruises; that he completely domineered her; that he completely neglected her; and that she had no social life with him.

The court interrupted defendant during her testimony and the following discloses what then occurred:

"*The Court:* I don't know why we are going any further.   It seems that neither one of them want to live with the other.   She charges him with being

devoid of any human kindness and a maze of deception. I don't know why she wants to live with him under that condition.

"*A*. (Mrs. Greene) I was hoping that Mr. Greene could find help.

"*The Court:* After 30 years?

"*A*. I know it is a little late.

"*The Court:* Yes, it is. Was the cross-bill filed under the special statute?* No, I see it was filed under the general statute.

"*Mr. Tropp* (Plaintiff's attorney): Yes, sir.

"*The Court:* I think maybe she ought to be given a decree of divorce.

"*Mr. O'Dowd* (Defendant's attorney): She won't take it.

"*The Court:* I so hold and order. If she wants a decree of divorce I will give her a decree of divorce. I will give her the home and the furniture, $20,000, and she has $6,000 in stock. That is $26,000.  *  *  * He gets the cottage and a lot and he gets $3,000 he had in the bank. He gets an $1,800 car. He gets $4,000 in stock, approximately, that is what he gets, and he gets relieved of a wife.

"*Mrs. Greene:* Do I have to consent to this?

"*The Court:* No, that is what I decree."

The court entered a decree of divorce to appellant wife. She appeals, presenting the following question: "Did the court err in granting a decree of divorce to a party to a suit who did not ask for a divorce?"

It appears from the court's statement (included above), "Was the cross-bill filed under the special statute? No, I see it was filed under the general statute," that the court came to the conclusion not only a divorce should be granted but, because the cross-bill was not filed under the special statute, he had jurisdiction and power to grant it.

---

* CL 1948, § 552.301 (Stat Ann 1957 Rev § 25.211).—REPORTER.

Defendant in her cross-bill of complaint stated she was seeking separate maintenance under the statute, but failed to give the numerical citation. The following portions of her cross-bill leave no doubt as to the relief sought:

"Now comes Bertha J. Greene, defendant herein, hereinafter referred to as cross plaintiff, by and through her attorney, John H. Gillis, and complains against the plaintiff herein, hereinafter referred to as cross defendant, and petitions this honorable court for a *decree of separate maintenance* and respectfully shows unto this honorable court as follows: * * *

"The cross plaintiff positively avers that the acts done and causes charged in this cross-bill of complaint for which *separate maintenance is sought,* were committed without the consent, connivance, privity or procurement of the cross plaintiff and that such bill is not founded on or exhibited in consequence of any understanding, collusion or agreement whatsoever between the parties hereto or between the cross plaintiff and any other person with regard to her *application for separate maintenance.*

"Inasmuch as the cross plaintiff is without remedy except in a court of equity, she prays:

"(a) That the cross defendant may full, true and perfect answer make to the *cross-bill of complaint for separate maintenance,* under oath.

"(b) That upon the final hearing of this cause this honorable court will decree *separate maintenance* by virtue of and consistent with the Michigan statutes in such case made and provided." (Emphasis supplied.)

Appellee relies upon *Wilson* v. *Wilson,* 238 Mich 555, and *Ratcliffe* v. *Ratcliffe,* 308 Mich 488.

In our 1927 decision of *Wilson* v. *Wilson, supra,* plaintiff-wife sought separate maintenance but the trial court granted defendant-husband a divorce under his cross-bill. In reversing and granting

decree of divorce to plaintiff, Justice McDonald (with Justices Bird, Snow, Fellows, and Clark concurring) wrote:

"The record is conclusive that he (defendant) was to blame for all of their domestic troubles. The allegations in his cross-bill are not sustained by the evidence. The court was wrong in granting him a decree.

"As the cause is heard *de novo* in this court, we shall grant the plaintiff such relief as she is entitled to under the pleadings and evidence. This is not a proper proceeding to provide a wife with separate maintenance under the provision of PA 1889, No 243 (CL 1915, § 11479). Her petition is substantially a bill for divorce. It makes no reference to the separate maintenance statute. As was said in *Horning* v. *Horning*, 162 Mich 130, 131:

" 'Nothing in this bill of complaint indicates that the pleader at the time it was drawn had in contemplation the act of 1889. In form and substance it conforms with all the statutory requirements for a bill for divorce, and not with the petition required by the act of 1889.'

"Under the circumstances, the Court has jurisdiction to grant the plaintiff a decree for absolute divorce. *Stouten* v. *Stouten*, 235 Mich 427. We think it for the best interests of the plaintiff and the children that this Court should enter such a decree."

Justice Wiest dissenting (Justices Nelson Sharpe and Steere concurring), said (pp 558, 559):

"I think the decree granted in the circuit court should be reversed, but cannot assent to the decree directed in the opinion of Mr. Justice McDonald.

"Plaintiff, for conscientious reasons, does not want a divorce, and, therefore, applied for separate maintenance, as she had a right to do. Unfortunately, she invoked such relief under the statute

permitting the court to grant separate maintenance or a divorce. Had she invoked another statute she could have the relief she asks and the Court could not compel her to take a divorce. The reserve power to grant a divorce instead of separate maintenance should be exercised in accordance with the application of the wronged wife, unless good reason exists for refusal. There is no appeal to my sense of equity in refusing her what she is entitled to have and compelling her to free her husband. Just how the best interests of plaintiff and the 2 little children will be served in compelling this innocent wife to accept the relief the guilty husband wants is beyond my imagination.

"The decree should be reversed and a decree entered here for separate maintenance, thereby leaving defendant incapable of contracting another matrimonial alliance and keeping him in a position to devote his earnings, in part, to the worthy end of supporting his wife and children."

A review of *Ratcliffe* v. *Ratcliffe, supra,* discloses it is distinguishable from the present appeal. In the *Ratcliffe Case* plaintiff filed a bill seeking a divorce from his wife. Defendant wife filed an answer and cross-bill in which she sought a divorce from bed and board, or limited divorce, under CL 1929, § 12729 (CL 1948, § 552.7 [Stat Ann 1957 Rev § 25.87]). Later, defendant wife sought to amend her complaint in order to change her cross-bill from limited divorce to that of separate maintenance. The trial court denied her petition to amend the cross-bill on the grounds that it was to the best interests of the parties that an absolute divorce be granted, and on the reasoning that it was within his discretion whether to grant defendant's petition to amend her cross-bill in order to seek separate maintenance in lieu of a divorce from bed and board.

We held in *Ratcliffe* (p 491) that had defendant in the first instance filed her cross-bill for separate

maintenance under the statute, the trial court would have been without discretion to grant an absolute divorce, and said (p 492):

"The [trial] court's refusal to permit defendant to amend her cross-bill can only be set aside upon a showing that the trial judge abused his discretion. The motion to amend having been made over 2 months after the trial was completed, we cannot hold this denial to be an abuse of discretion."

Appellant herein filed a cross-bill for separate maintenance, and at no time did she, directly or indirectly, ask for or seek a divorce. To consider that she conferred jurisdiction to grant a divorce solely because she failed to cite the numerical reference to the statute, would be carrying technicalities to an absurdity.

Reversed and remanded for complete rehearing of the issues presented by bill and cross-bill and for entry of a new decree upon the whole record according to the right of the case then appearing. Costs to appellant.

Carr, C. J., and Dethmers, Black, Kavanagh, Souris, Smith, and O'Hara, JJ., concurred.