## DOROZENKO v. DOROZENKO.

1. MARRIAGE—SEPARATE MAINTENANCE—DE NOVO REVIEW—FINDING OF TRIAL JUDGE.

Separate maintenance cases are heard *de novo* on appeal, but the Court of Appeals gives special consideration to the findings of the trial judge who had an opportunity to observe the demeanor of the witnesses on the stand as they testified.

2. SAME—APPEAL AND ERROR—SEPARATE MAINTENANCE—DIVORCE— EXTREME CRUELTY—RECORD.

Finding of trial judge on motion to vacate judgment of separate maintenance for plaintiff wife and denial of absolute divorce to defendant husband that defendant was guilty of extreme cruelty, and that plaintiff was not guilty of any marital misconduct, *held*, amply supported by the record.

3. SAME—SEPARATE MAINTENANCE—EXTREME CRUELTY—INSANITY— RECORD.

Defendant's contention in appeal from judgment of separate maintenance for plaintiff wife that misconduct on his part was caused by a mental condition *held*, without merit, where the record fails to show that defendant was free of responsibility for his acts of extreme cruelty because of insanity.

4. SAME—SEPARATE MAINTENANCE—INSANITY.

A spouse who is insane cannot be guilty of conduct that will constitute cause for separate maintenance for the reason that he or she is incapable of intentionally doing such an act.

5. SAME—INSANITY—PRIOR ACTS.

Separate maintenance will not be granted for acts committed during insanity, but judgment of separate maintenance may be obtained for acts happening prior to insanity.

REFERENCES FOR POINTS IN HEADNOTES

[1]  5 Am Jur 2d, Appeal and Error §§ 703, 868.
[2]  27 Am Jur, Husband and Wife § 424.
[3]  27 Am Jur, Husband and Wife §§ 407, 424.
[4-6] 26 and 27 Am Jur, Husband and Wife §§ 398, 404, 407.

6. SAME—SEPARATE MAINTENANCE—MENTAL IRRESPONSIBILITY—EX-
   TREME CRUELTY—DEFENSE.

   Mental irresponsibility is not available as defense to extreme
   cruelty in an action for separate maintenance if the defendant
   was capable of fully comprehending and understanding the
   wrongs he was committing.

Appeal from Wayne; Piggins (Edward S.), J.
Submitted Division 1 October 5, 1966, at Detroit.
(Docket No. 1,307.)    Decided March 28, 1967.    Re-
hearing denied June 20, 1967.

Bill of complaint by Mary Dorozenko against
Harry Dorozenko for separate maintenance.    Cross-
bill of complaint for absolute divorce filed by de-
fendant.    Judgment for plaintiff.    Defendant ap-
peals.    Affirmed.

*Marjan E. Maruszak*, for plaintiff.

*Riseman, Lemke & Piotrowski* (*Harry Riseman*,
of counsel), for defendant.

J. H. GILLIS, J.    February 27, 1962, plaintiff, Mary
Dorozenko, filed a complaint for separate mainte-
nance in the Wayne circuit court, which specified*
that it was filed pursuant to CL 1948, § 552.301 (Stat
Ann 1957 Rev § 25.211).

April 17, 1964, defendant, Harry Dorozenko, filed
a cross-bill of complaint for absolute divorce.    A
two-day trial was conducted and the court adjourned
the matter in the hopes that there might be a rec-
onciliation.    On May 28, 1965, the court entered a
separate maintenance judgment for plaintiff.

Defendant filed a motion to vacate the judgment,
which the trial court denied, stating:

* *Cf. Greene* v. *Greene* (1963), 371 Mich 170, 173, where counsel
in preparing the complaint failed to give the numerical citation of
the statute.

"The record is replete with instances of extreme and repeated cruelty on the part of the offending husband. By his own testimony he confirms many of the allegations of the plaintiff which, when taken in their entirety, are sufficient under the statute to warrant the conclusions of the court. At the same time, the record contains no convincing evidence that the plaintiff wife was guilty of any marital misconduct which would justify the court's awarding the husband a judgment of divorce on his counterclaim."

On appeal, defendant contends the trial court erred in granting the plaintiff wife a judgment for separate maintenance and denying him a judgment for absolute divorce. In support of his position, defendant argues: (1) misconduct on the part of the defendant was caused by a mental condition, and (2) public policy favors absolute divorce rather than separate maintenance.

Although this Court considers this case *de novo,* it does give special consideration to the findings of the trial judge who had an opportunity to observe the demeanor of the witnesses on the stand as they testified. See *Fish* v. *Fish* (1966), 4 Mich App 104.

The 237-page transcript amply supports the trial court's findings set forth in his opinion denying the motion to vacate the judgment. Further, the record fails to show that the defendant was free of responsibility for his acts of cruelty because of insanity. In *Gardner* v. *Gardner* (1927), 239 Mich 306, at pages 308, 309, the Court outlined the rule followed in Michigan:

" 'The broad rule has been laid down that a spouse who is insane cannot be guilty of conduct that will constitute a cause for divorce in favor of the other, for the reason that he or she is incapable of intentionally doing or committing an act that will con-

stitute a ground for divorce.' 9 RCL, Divorce and Separation, p 324, § 99.

"'While a divorce will not be granted for acts committed during insanity, a divorce may be obtained for acts happening prior thereto notwithstanding the subsequent insanity.' 2 Schouler, Marriage & Divorce (6th Ed), p 1880, § 1679.

"'Mental irresponsibility, however, is not available as a defense to cruelty if the defendant was capable of fully comprehending and understanding the wrongs he was committing.' 9 RCL, Divorce and Separation, p 334, § 113."

There was no medical testimony whatsoever to support an assumption that the defendant, during the period of time above alluded to, was mentally incompetent.

Inasmuch as we agree with the trial court's finding that the defendant failed to establish grounds in support of his cross-bill for absolute divorce and we likewise concur in the trial court's finding that the plaintiff established grounds in support of her complaint for separate maintenance, the trial court followed the only course allowed by law and entered a judgment for the plaintiff for separate maintenance. See *Conkey* v. *Conkey* (1927), 237 Mich 326; *Kelly* v. *Kelly* (1930), 252 Mich 92; *Blay* v. *Blay* (1960), 362 Mich 56; 1 Moore, Michigan Practice: Marriage, Divorce and Separation, § 1433; *Greene* v. *Greene* (1963), 371 Mich 170; and *Bielefeld* v. *Bielefeld* (1966), 4 Mich App 483.

Affirmed. Costs to appellee.

T. G. KAVANAGH, P. J., and HOLBROOK, J., concurred.