LITYNSKI *v.* LITYNSKI.

1. DIVORCE—AMENDMENT OF BILL—SEPARATE MAINTENANCE.
   An amendment to a bill was properly allowed upon the trial to meet an objection that it did not specifically pray for separate maintenance under 3 Comp. Laws 1915, § 11479, where it was granted conditional on defendant's having such time as he needed to meet the additional allegations therein.

**2.** SAME—PROOFS HELD TO SUPPORT DECREE FOR SEPARATE MAIN-
   TENANCE—EXTREME CRUELTY.

   Where the plaintiff's proofs of charges of extreme cruelty
   would justify the granting of a decree of divorce had
   claim therefor been made, a decree for support and main-
   tenance under the statute (3 Comp. Laws 1915, § 11479
   *et seq.*) *held,* justified.

**3.** SAME—ABSOLUTE DIVORCE NOT GRANTED WHERE NOT ASKED FOR.

   Defendant's contention that if a decree be granted it
   should be one for absolute divorce, *held,* not justifiable
   on the record.

**4.** SAME—AMOUNT AWARDED WIFE HELD REASONABLE.

   Where the husband was capable of earning $50 a week,
   an allowance of $15 a week to the wife for support and
   maintenance, *held,* just and reasonable, in view of the
   fact that she was awarded the custody of two minor
   children, although he claims to be without property and
   she owns a half interest in a photographic studio from
   which she receives an income of $25 or $30 a week.

Appeal from Wayne; Brown (William B.), J., pre-
siding. Submitted April 11, 1924. (Docket No.
60.) Decided June 2, 1924.

Bill by Julia Litynski against Wlademar Litynski
for separate maintenance. From a decree for plain-
tiff, defendant appeals. Affirmed.

*Asher L. Cornelius,* for plaintiff.

*Cass J. Jankowski,* for defendant.

SHARPE, J. Defendant appeals from a decree for
support and maintenance of the plaintiff, granted
pursuant to the provisions of section 11479 *et seq.,* 3
Comp. Laws 1915, which awarded to her the house-
hold furniture and certain other property, the custody
of the two minor children, aged 11 and 7 years,
respectively, and the payment to her by defendant of
$15 per week. Early in the trial, objection was
made to the introduction of proof of defendant's earn-

ings, for the reason that the bill did not specifically pray for separate maintenance under section 11479. *Hagerty* v. *Hagerty*, 222 Mich. 166. Plaintiff then asked and was permitted to amend her bill to overcome this objection. The amendment was properly permitted. *Cole* v. *Cole*, 193 Mich. 655. It was granted conditional on defendant's having such time as he needed to meet the additional allegations therein. No such time was asked for.

The parties were married in Detroit in 1909. They separated several times, but the difficulties leading thereto were settled and married relations resumed. The final separation occurred in July, 1921, and this bill was soon after filed. The defendant is a photographer. For a number of years after their marriage he conducted a profitable business. The plaintiff devoted such time as she could spare from her household duties to assisting him in such business. They secured a comfortable home, and prospered financially. In 1912, a young woman, named Florence Krause, was employed in their studio. There is testimony, which convinced the trial court and is also convincing to us, that defendant's conduct with her, if not immoral, was highly improper and such as would cause resentment on the part of any self-respecting wife. It will serve no useful purpose to review or quote from it. It is plaintiff's claim that for years before their final separation defendant spent practically all his evenings away from home and that on her remonstrating with him he abused her and frequently struck and slapped her. That he realized his conduct with Florence Krause was improper is clearly indicated by his signing a paper on January 24, 1921 (a time of reconciliation), in which he promised,—

"I will not employ Miss Florence Krause in my place of business, or have her employed, where I will be employed without my wife's consent."

This promise he did not keep.   Defendant admits that he struck plaintiff on several occasions, excusing himself because she was falsely accusing him of adulterous conduct with other women.

The conflicting testimony of the parties and their witnesses was reviewed at length by the trial court in announcing the conclusion he had reached.   He found that plaintiff had established by a preponderance of the proof such charges of extreme cruelty as would justify the granting to her of a decree of divorce, had a claim therefor been made, and that she was entitled to a decree under the statute.   After reading this somewhat voluminous record, we reach the same conclusion.

Counsel for defendant urges that, in case a decree be granted plaintiff, it should be one for absolute divorce.   On this record, we are unwilling to grant this request.   *Lacey* v. *Lacey,* 189 Mich. 271.

Counsel insists that the proofs do not justify the allowance made plaintiff.   At one time these parties had accumulated considerable property.   It has largely been dissipated, through whose fault there is much dispute.   Plaintiff now owns a one-half interest in a photographic studio on Chene street, in which she works and from which she receives an income of $25 or $30 per week.   Defendant claims to own no property.   He is, however, able-bodied and capable of earning at least $50 per week.   We think the allowance to plaintiff of $15 per week, in view of the fact that she was awarded the custody of the children and must support them, is just and reasonable.

The decree is affirmed, with costs to appellee.

CLARK, C. J., and McDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.