PHELEY v. PHELEY.

1. DIVORCE—REASON FOR COURT RULE REQUIRING UNDERWRITING TO SHOW WHETHER ALIMONY PRAYED FOR.
   The purpose of Circuit Court Rule No. 19, requiring that in divorce cases the underwriting shall state whether or not alimony or custody of the children is prayed for in the bill, is to notify the defendant of the specific relief sought against him in order to save him the necessity of looking into the record, which usually involves the employment of counsel.[1]

2. SAME—AMENDMENT TO PLEADING PROPERLY ALLOWED.
   Under the statute of amendments (3 Comp. Laws 1915, § 12478), it was the duty of the trial court, in the furtherance of justice, to allow, on the hearing, an amendment to the pleading and process, in wife's suit for divorce, to include a prayer for alimony, where defendant was in

---

[1] Divorce, 19 C. J. § 659.

court, was represented by counsel, was in no way misled, and did not suffer any disadvantage by reason of said amendment.[2]

Appeal from Wayne; Gilbert (Parm C.), J., presiding.    Submitted January 7, 1926.    (Docket No. 39.) Decided March 20, 1926.

Bill by Emma Pheley against Thomas R. Pheley for a divorce.    From a decree for plaintiff, defendant appeals.    Affirmed.

*Donnelly, Hally, Donnelly & Munro,* for plaintiff.

*Hugh C. Chedester,* for defendant.

MCDONALD, J.    The plaintiff filed a bill for divorce in the circuit court in Wayne county alleging cruelty and nonsupport.    A summons was issued and served on the defendant.    He appeared by counsel and was served with a copy of the bill.    His default for not answering was entered and the bill taken as confessed. There was no prayer for alimony in the bill and there was no statement in the underwriting to the summons that alimony was prayed for.    On the hearing the defendant and his counsel were present in court and objected to any testimony on the question of alimony. The court permitted an amendment to the bill and allowed the defendant 24 hours in which to answer. No answer was filed.    When the hearing was resumed defendant again appeared and took part in the proceedings, which resulted in a decree for the plaintiff granting her a divorce and awarding her $15 a week for alimony and for the support of the minor children. From this decree the defendant appeals.

It is the claim of the defendant that a decree for alimony was not authorized by the prayer of the bill and the underwriting to the summons.

[2]Divorce, 19 C. J. § 663.

Section 4 of Circuit Court Rule No. 19 requires that,

"In a divorce case the underwriting shall, in addition to the above, state whether or not alimony or custody of the children is prayed for in the bill."

The purpose of this rule is to notify the defendant of the specific relief sought against him in order to save him the necessity of looking into the record, which usually involves the employment of counsel. See cases cited under rule 19 in Searl's Court Rules.

But the defendant employed counsel, took part in the taking of testimony and was sworn as a witness in his own behalf on the question of alimony. He was present in court when the pleadings were amended and was given 24 hours to answer. He had all the notice of the relief sought that he would have had if a proper underwriting had been served upon him. He was in no way misled, and did not suffer any disadvantage by reason of the amendment of the process. Under authority of the statute of amendments (3 Comp. Laws 1915, § 12478), it was the duty of the court in furtherance of justice to amend the pleadings and process.

The decree is affirmed, with costs to the plaintiff.

BIRD, C. J., and SHARPE, SNOW, STEERE, FELLOWS, WIEST, and CLARK, JJ., concurred.