MIHELICH v. MIHELICH.

1. DIVORCE—SEPARATE MAINTENANCE—AMENDMENT—APPEAL AND
   ERROR—PROPERTY RIGHTS.
   Where wife's bill for separate maintenance was amended, with-
   out objection, by adding prayer for divorce, and question of
   property rights was raised by husband's cross-bill for divorce,
   he may not complain, on appeal, that he was taken by surprise
   by amendment, and that he was not prepared to produce proof
   touching property rights of the parties.

2. SAME—SUFFICIENCY OF PROOFS—DRUNKENNESS.
   Evidence of husband's intemperate habits and brutal conduct
   toward his family producing an intolerable condition, *held*,
   sufficient to entitle wife to divorce, although she sometimes
   used rough language and was pugnacious in her conduct to-
   ward him.

3. SAME—ALIMONY—EXCESSIVE AWARD.
   An award of $4,000 alimony to wife, *held*, excessive, under cir-
   cumstances of case, and reduced to $3,000, on appeal.

Appeal from Van Buren; Warner (Glenn E.), J.
Submitted June 7, 1929. (Docket No. 66, Calendar
No. 34,419.) Decided July 8, 1929.

Bill and cross-bill for divorce by Margaret Mihe-
lich and Joseph Mihelich. From decree for plaintiff,
defendant appeals. Modified and affirmed.

*David Anderson,* for plaintiff.

*Earl L. Burhans* and *William J. Barnard,* for
defendant.

NORTH, C. J. The plaintiff in this case filed a bill
for separate maintenance, charging that the defend-

As to excessiveness of award of alimony in action for divorce
where husband is at fault, see annotation in 44 L. R. A. (N. S.)
1010.

ant was guilty of extreme cruelty. He filed an answer and a cross-bill wherein the charge of extreme cruelty was made against the plaintiff and a decree of divorce sought by the defendant. At the hearing of the case the plaintiff filed a petition to amend her bill of complaint by adding thereto a prayer for divorce. The amendment was filed and at the conclusion of the proofs plaintiff was granted a decree of divorce, awarded alimony, and given the custody of three minor children. The defendant has appealed.

It is contended that the amendment changed plaintiff's cause of action, and, further, that the defendant was taken by surprise in that he was not prepared to produce proof touching the property rights of the respective parties. We are not seriously impressed with the defendant's claim that he was taken by surprise because the amendment changed the issues as to property rights involved. These same questions were presented for adjudication by defendant's cross-bill wherein he sought a divorce. At the time plaintiff sought permission of the trial court to amend her bill of complaint no objection was made by the defendant and no application made for a continuance. In fact, the question does not seem to have been raised in any way in the lower court, and the defendant is in no position to complain at this late date.

On the merits of the case, the defendant contends in this court that the proofs show each of these parties was guilty of wrongdoing touching their domestic relations, and that while the defendant may have been the greater offender in this regard, still it is maintained that the record is such that relief should be denied to each of the parties. Without reviewing the testimony in detail, it is sufficient to

say that while there is evidence of some use of rough language by the plaintiff, and possibly some pugnacious conduct on her part, still a careful consideration of the whole record thoroughly convinces us that the defendant's intemperate habits and his brutal conduct towards his family have produced an intolerable condition in this home, and that the plaintiff has abundantly established her right to a divorce on the ground of extreme cruelty.

The remaining question is whether a just disposition was made of the property rights of these parties. Six children were born of this marriage, three of whom were under 16 years of age at the time of the hearing. The decree provided that the defendant should pay to the plaintiff $2.50 per week for each of the three youngest children, payments to continue until they respectively become 16 years of age. It also provided that the defendant should pay to the plaintiff $4,000 in annual installments of $500. The household goods were divided between these parties. No complaint is made by the defendant as to the weekly allowance provided for the children or the division of the household property; but he does contend that the $4,000 alimony awarded to the wife is excessive.

The property possessed by these parties is about as follows: Subject to a $1,500 mortgage, they are the owners as tenants by the entireties of 80 acres of land which in part is occupied by vineyards and fruit orchards. The testimony is in conflict as to its value. It was purchased by the parties in 1920 for $7,500. This, however, included the purchase price of some personal property. It is contended by the defendant it is worth at the present time no more than the parties paid for it. One expert witness testifying for the defendant placed the value

at $8,500. On the other hand, plaintiff's witnesses fixed the value at figures varying from $8,500 to $12,000. The defendant is also possessed of an endowment policy which at the time of the trial had a cash surrender value of $2,418. The personal property on the farm other than that above mentioned was awarded to the defendant, and in value is said to be about equal to his outstanding unsecured indebtedness.

It is our judgment that, under the circumstances of this case, the amount awarded to the wife is too large and that it places a financial obligation upon the defendant which he will not be able to meet. The decree will be modified by reducing the amount to be paid to the plaintiff by the defendant to $3,000, as follows: $500 within 30 days after the decree herein, $500 annually thereafter until the entire sum of $3,000 is paid, and interest at the rate of 5 per cent. per annum on the unpaid portion shall be paid annually; the payment of principal and interest to be secured by a lien on the real estate owned by these parties. Subject to the above modification, the decree taken in the circuit is affirmed, without costs in this court to either party.

FEAD, FELLOWS, WIEST, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.