JAQUISH v. JAQUISH.

1. DIVORCE—EVIDENCE—AMENDMENTS—STATUTES—SEPARATE MAINTENANCE.

Bill as amended and proofs showing defendant husband to have been guilty of misconduct with other women *held,* sufficient to entitle plaintiff to an absolute divorce although original bill sought separate maintenance and referred to statute under which that was the only relief available, the reference to such statute having been deleted by amendment (3 Comp. Laws 1929, § 12794).

2. SAME—AMENDMENTS.

A liberal policy is pursued in permitting amendments in suits for divorce.

3. PLEADING—AMENDMENT—SEPARATE MAINTENANCE—DIVORCE.

Where plaintiff wife by original bill sought separate maintenance and referred therein to statute under which only such

relief could be granted, it was not improper nor did it state a new cause of action to amend by deletion of such statutory reference where the same allegations and proofs would support either a bill for separate maintenance or for an absolute divorce, defendant had ample opportunity to answer the amended bill, and does not claim he was foreclosed from taking further proofs (3 Comp. Laws 1929, § 12794).

4. DIVORCE—CONDONATION—EVIDENCE.

Finding that defendant's misconduct with other women had not been thereafter condoned by plaintiff is not disturbed where trial judge saw the witnesses and believed plaintiff and record shows she admitted living with defendant in house largely paid for by her but denied cohabiting with him.

5. SAME—PLAINTIFF'S MISCONDUCT—EVIDENCE. .

Intimation that plaintiff's regard for another man was underlying cause for securing divorce was not substantiated where there is no showing of any misconduct and her original bill sought separate maintenance rather than an absolute divorce.

6. SAME—ALIMONY—MODIFICATION OF DECREE.

In suit wherein absolute divorce was granted upon wife's amended bill but no alimony granted, on her cross appeal decree is modified so as not to foreclose her from applying for and obtaining alimony for her support in case it be deemed proper (3 Comp. Laws 1929, § 12730).

Appeal from Jackson; Williams (Benjamin), J. Submitted April 3, 1946. (Docket No. 24, Calendar No. 43,303.) Decided May 13, 1946.

Bill by Gladys Jaquish against Lewis Jaquish for separate maintenance. Bill amended to ask for divorce. Decree of divorce for plaintiff. Defendant appeals. Plaintiff cross-appeals. Modified and affirmed.

*Rosenburg, Painter & Navarre,* for plaintiff.

*Phillip C. Kelly,* for defendant.

BUTZEL, C. J. Gladys Jaquish in a bill for separate maintenance against Lewis Jaquish specifically mentioned 3 Comp. Laws 1929, § 12794 (Stat. Ann.

§ 25.211). Her main charge is that he was guilty of misconduct with other women and that after admitting his guilt and promising to reform and refrain from further conduct of a like kind, he continued such improper relations. The judge awarded her a decree of absolute divorce. During the hearing she stated that she had asked only for separate maintenance because of religious scruples against divorce. When assured by the attorney for defendant that she was mistaken, she sought spiritual advice and was assured that she could ask for a divorce. After several motions were made, the bill was amended by deleting the reference to the statute, thus leaving the bill one for separation under the same facts as pleaded, but without reference to any statute. The judge could give a decree for divorce from bed and board under 3 Comp. Laws 1929, § 12729 (Stat. Ann. § 25.87), or if he deemed it for the best interests of the parties he might grant an absolute divorce. 3 Comp. Laws 1929, § 12730 (Stat. Ann. § 25.88). See *Horning* v. *Horning,* 162 Mich. 130; *Cole* v. *Cole,* 193 Mich. 655. Both the bill as amended and proofs were sufficient to entitle plaintiff to an absolute divorce.

Defendant, however, claims that the amendment stated a new cause of action. The difference between the bill for separate maintenance and one for divorce from bed and board is recognized. While there is a similarity between them, there is a vital difference. In the instant case the same allegations and proofs would support either form of decree when properly asked for. We have always been liberal in permitting amendments in divorce suits. *Westgate* v. *Westgate,* 291 Mich. 18; *Stevens* v. *Stevens,* 266 Mich. 446. In *Litynski* v. *Litynski,* 227 Mich. 502, no reference was made to the statute providing for separate maintenance. The court per-

mitted an amendment to the bill of complaint so as to make reference to the statute. In that case the reference to the statute was incorporated in an 'amendment to the bill. In the instant case, on amendment, it was deleted. Also, see *Mihelich* v. *Mihelich,* 247 Mich. 475. In the instant case, the court gave defendant ample opportunity to answer the amended bill. Defendant introduced depositions taken many months after the order permitting the amendment. He does not claim that he was foreclosed from taking further proofs.

Defendant also claims that plaintiff condoned his conduct by continuing to live in the same house and cohabit with him. The testimony shows that the home was largely paid for by plaintiff and regarded by her as her home. She remained there. Plaintiff denied that she cohabited with defendant although she lived with him. The trial judge saw the witnesses. He believed plaintiff and we have no reason to disagree. Some reference is made to the fact that plaintiff may have exchanged a few clandestine letters with another man, but there is no showing whatsoever that she was guilty of any misconduct. Defendant's intimation that plaintiff's regard for another man was the underlying cause for securing the divorce is largely dispelled by the fact that plaintiff in her original bill before amendment asked for separate maintenance and support and not a divorce so that she could remarry.

It will serve no good purpose to recite the testimony in detail. We agree with the circuit judge in granting the divorce. There is no dispute over the decree as to division of property. The judge did not grant plaintiff any alimony for her support. Plaintiff is not well. In her cross appeal she asks that should she require periodic payments of alimony for her support, the decree should not be con-

strued so as to foreclose her from obtaining it. The decree is modified so as to include a provision that the plaintiff is not precluded from applying for and obtaining alimony for her support from defendant should the trial court deem it proper and order it. A decree will be entered in this court.

The decree as modified is affirmed, with costs to plaintiff.

CARR, BUSHNELL, SHARPE, BOYLES, REID, NORTH, and STARR, JJ., concurred.