BIELEFELD v. BIELEFELD.

1. DIVORCE—AMENDMENT OF PLEADINGS—DISCRETION OF COURT.
Courts are liberal in permitting amendment of pleadings in divorce actions, and whether to allow an amendment is within the sound discretion of the trial judge.

2. SAME—DIVORCE FROM BED AND BOARD—SEPARATE MAINTENANCE.
Trial judge, *held*, within his authority in granting a judgment of separate maintenance in a case where plaintiff originally asked for absolute divorce and later amended complaint to ask for divorce from bed and board or separate maintenance (CL 1948, §§ 552.7, 552.301).

3. SAME—SEPARATE MAINTENANCE—DISCRETION.
Granting of judgment of separate maintenance in case where plaintiff originally asked for absolute divorce and later amended complaint to ask for divorce from bed and board or separate maintenance, *held*, not an abuse of discretion by trial court, where record was sufficient to show that allegations in plaintiff's complaint were true and that allegations in defendant's counter-claim were untrue (CL 1948, §§ 552.7, 552.301).

4. SAME—SEPARATE MAINTENANCE—PUBLIC POLICY.
Record in divorce case in which trial court granted judgment of separate maintenance, *held*, not to present case in which public policy dictates that appellate court, on *de novo* review, should grant absolute divorce.

---

REFERENCES FOR POINTS IN HEADNOTES
[1-4] 24 Am Jur 2d, Divorce and Separation § 311 *et seq.*; § 416 *et seq.*

Appeal from Kent; Vander Wal (John H.), J. Submitted Division 3 April 7, 1966, at Grand Rapids. (Docket No. 1,298.)    Decided October 11, 1966.

Complaint for divorce by Irmagard Bielefeld against Harry Siegfried Bielefeld.    Judgment for separate maintenance granted on amended complaint praying for divorce from bed and board. Defendant appeals.    Affirmed.

*William N. Azkoul,* for plaintiff.

*Shivel, Phelps, Linsey & Strain,* for defendant.

Fitzgerald, J.    Oral arguments on this appeal were heard by the late Judge Watts although he did not participate in the final preparation of the opinion.

Plaintiff filed a complaint for divorce on October 23, 1963.    Defendant's answer, denying that plaintiff was entitled to a divorce, was filed in November, 1963.    Five months later, in April, defendant filed an amended answer neither admitting nor denying the alleged acts of extreme and repeated cruelty, and further interposed no defense to plaintiff's complaint and admitted plaintiff was entitled to judgment of divorce.    He further prayed in the amended answer that the court enter judgment of divorce containing suitable provisions.

Following pretrial, plaintiff filed amended pleadings and requested leave to amend the complaint. The amended complaint intermingled references to CL 1948, § 552.7 (Stat Ann 1957 Rev § 25.87) and CL 1948, § 552.301 (Stat Ann 1957 Rev § 25.211), the first being the statute governing divorce from bed and board, and the second providing for separate maintenance.    Plaintiff's motion for leave to

amend the complaint was granted and defendant allowed 20 days in which to file his answer to the amended complaint and file a counterclaim for divorce, providing he withdraw his answer to the original complaint.

Plaintiff thereafter defaulted defendant, which default was set aside, defendant subsequently filing his answer to the amended complaint for divorce from bed and board and filing a counterclaim for divorce. The trial of the cause took place in December, 1964, and the court in its opinion held that the allegations in plaintiff's complaint were true and she was entitled to a decree of separate maintenance, concurrently finding that the allegations of the counterclaim of the defendant were untrue and dismissing the counterclaim.

Following entry of the judgment for separate maintenance defendant appealed, claiming that the lower court did not realize at the time of the trial that plaintiff had prayed for a divorce from bed and board and not for separate maintenance, and questioned the power of the lower court to grant the judgment of separate maintenance. He further alleged that there was sufficient testimony to establish that plaintiff had been guilty of acts of extreme and repeated cruelty toward defendant so that he should have been granted a judgment of divorce on his counterclaim. Overriding this all is the question that appellant asks: Would it be for the best interests of the parties hereto and for public policy to enter a judgment for absolute divorce?

In the main, it is the claim of the defendant that the plaintiff amended her complaint, praying for a judgment entirely different than the judgment entered by the court's opinion. Specifically, he claims that plaintiff asked in her complaint for relief under the bed and board statute, *supra,* but was granted

relief under CL 1948, § 552.301 (Stat Ann § 25.211), the separate maintenance statute.

Defendant steadfastly maintains that the trial court did not realize what it was doing, and in effect made a mistake. The record demonstrates otherwise. The court below indicates that it knew exactly what it was doing in the opinion denying a motion for a new trial, wherein the court said:

"This matter having come on to be heard on a motion for a new trial filed by the defendant on the grounds the court was in error in allowing the plaintiff to amend her answer and cross-bill to one for separate maintenance, from her original complaint asking for an absolute divorce. The file shows that the defendant and his attorney had at least six months' notice of such amendment and therefore could not be taken by surprise and under the cases there is no merit to defendant's claim."

Paragraph 9 of plaintiff's amended complaint refers to "this complaint for separate maintenance". Paragraph 10 refers to "separate maintenance" and the prayer for relief asks that plaintiff be awarded a decree of separate maintenance.

The case of *Jaquish* v. *Jaquish* (1946), 314 Mich 386, has a bearing on the liberality with which courts view amendment in divorce proceedings, recognizing that it is within the sound discretion of the trial judge. Therein it was stated:

"Defendant, however, claims that the amendment stated a new cause of action. The difference between the bill for separate maintenance and one for divorce from bed and board is recognized. While there is a similarity between them, there is a vital difference. In the instant case the same allegations and proofs would support either form of decree when properly asked for. We have always been liberal in permitting amendments in divorce suits.

[Citing cases.]   *   *   *   In the instant case, the court gave defendant ample opportunity to answer the amended bill."

We hold that the judge was within his prerogative to grant a decree of separate maintenance and that a review of the record shows no abuse of discretion on his part.  We reach the same determination regarding sufficiency of testimony as did the trial court, leaving us with defendant's last contention that public policy dictates that it would be in the best interest of the parties for this Court to enter a judgment for absolute divorce.

While it is not disputed that this Court on a review *de novo* has the power to grant an absolute divorce, this particular case, on its record, is not the one for the exercise of such power.  The matter is summed up nicely in *Kelly* v. *Kelly* (1930), 252 Mich 92, wherein it was stated:

"In determining public policy, the court should not force a divorce upon an innocent party at the request of the guilty one except when very unusual circumstances demand it and then only after proper provision has been made for the support of the wife and children."

On this record, no weight can be ascribed to a public policy argument for the granting of an absolute divorce here.

Affirmed.  Costs to appellee.

BURNS, P. J., concurred.