PHILLIPS *v.* PHILLIPS

1. PLEADING—AMENDMENT—DISCRETION.

A trial judge enjoys a large measure of discretion regarding the amendment of pleadings.

2. PLEADING—AMENDMENT.

A judge's power to allow pleadings to be amended may be exercised at any time before judgment (MCLA § 600.2301).

3. WITNESSES—OPPOSITE PARTY.

A party by calling the opposite party for cross-examination under the statute does not make the opposite party his witness and is bound by the testimony of the opposite party to no greater

REFERENCES FOR POINTS IN HEADNOTES
[1] 41 Am Jur, Pleading § § 289, 293.
[2] 41 Am Jur, Pleading § § 296–298.
[3] 58 Am Jur, Witnesses § 796.

extent than if the same testimony had been given by the called party as a part of the called party's own case (MCLA § 600.2161).

Appeal from Wayne, Charles Kaufman, J. Submitted November 10, 1970, at Detroit. (Docket No. 7726.) Decided December 10, 1970. Leave to appeal denied April 14, 1971. 384 Mich 827.

Complaint by Lucille Phillips against Robert Phillips for divorce. Judgment for plaintiff. Defendant appeals. Affirmed.

*Michael Kranson,* for plaintiff.

*Ralph Lane* (*Eugene J. Fisher,* of counsel), for defendant.

Before: V. J. Brennan, P. J., and Levin and Peterson,* JJ.

Levin, J. After 24 years of marriage, the plaintiff, Lucille Phillips, filed an action on August 27, 1965, for separate maintenance against her husband, the defendant, Robert E. Phillips. On June 7, 1967, the defendant husband answered and filed a counterclaim for divorce. The trial commenced May 14, 1969. During the course of the trial the judge granted the husband's request that his counterclaim be dismissed. At the conclusion of the proofs and after both sides had rested, the wife made a motion to amend her complaint to seek an absolute divorce. The amendment was allowed over the husband's objections.

A judgment of divorce was entered May 23, 1969, dissolving the marriage. The only child of the marriage was 17 years old at the time and no provision was made in the judgment regarding her custody.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

The judgment contains provisions concerning settlement of the property of the parties and provides that the wife shall not receive any alimony.

The husband appeals and contends that the trial judge erred (1) in allowing the wife to amend her complaint for separate maintenance to seek a divorce and (2) in granting her a divorce in opposition to the testimony concerning her misconduct.

The court rule provides that leave to amend "shall be freely given when justice so requires". GCR 1963, 118.1. It has been frequently held that a trial judge enjoys a large measure of discretion regarding the amendment of pleadings.[1]

The Revised Judicature Act of 1961 provides[2] and it has been frequently held[3] that the judge's power to allow pleadings to be amended may be exercised at any time before judgment. In *Mihelich* v. *Mihelich* (1929), 247 Mich 475, the wife was allowed at the trial to amend her bill for separate maintenance to include a prayer for divorce; the Supreme Court declared that the husband couldn't claim surprise since he had raised the same questions presented for adjudication in his cross-bill for divorce.

The separate maintenance statute[4] requires that the wife "prove such a state of facts as would entitle

---

[1] *Hall* v. *Hall* (1912), 172 Mich 210; *Pheley* v. *Pheley* (1926), 233 Mich 624; *Westgate* v. *Westgate* (1939), 291 Mich 18; *Bielefeld* v. *Bielefeld* (1966), 4 Mich App 483.

[2] MCLA § 600.2301 (Stat Ann 1962 Rev § 27A.2301).

[3] See *Bliss* v. *Kaplan* (1963), 369 Mich 293, affirming an order of the trial court amending a pretrial order at the close of the proofs to permit the defendant to include a new claim as to plaintiff's contributory negligence; *Cole* v. *Cole* (1916), 193 Mich 655, an action for divorce for habitual drunkenness, the testimony showed extreme cruelty by the husband; at the close of all the evidence an amendment was permitted charging the husband with extreme cruelty; *Hall* v. *Hall, supra,* plaintiff was permitted during the course of the trial to amend a bill for divorce to state more specifically the facts upon which she relied which, under the former practice, had not been adequately stated.

[4] MCLA § 552.301 (Stat Ann 1957 Rev § 25.211).

her to a decree for divorce".[5] The defendant husband made no attempt to show that his defense to his wife's action was prejudiced by the late stage at which the amendment was allowed. There was no request for a continuance to allow the husband to introduce additional evidence. Nothing has been shown to persuade us that the judge abused the broad discretion vested in him when he granted the motion to amend the complaint to include a prayer for divorce.

The wife called the husband for cross-examination under the statute (MCLA § 600.2161 [Stat Ann 1962 Rev § 27A.2161]). He contends that she is bound by his uncontradicted testimony, citing *In re Estate of Taylor* (1935), 271 Mich 404, 406, and *Brkal* v. *Pletcher* (1945), 311 Mich 258, 261. There are statements in those cases and in other cases[6] that support his contention but they have been overruled *sub silentio* by more recent pronouncements of our Supreme Court. In *Petrosky* v. *Dziurman* (1962), 367 Mich 539, 548, a majority of the Court declared that a party "by calling the opposite party under the statute does not make such opposite party his witness and that he is 'bound' by the testimony of such called party to no greater extent than if the same testimony had been given by the called party as a part of his own case". Similarly, see *Gadde* v. *Michigan Consolidated Gas Company* (1966), 377 Mich 117, 123, 127, 128.

---

[5] *Chase* v. *Chase* (1952), 332 Mich 439, 444. See, also, *Sullivan* v. *Sullivan* (1949), 323 Mich 397, 400.

[6] See *Schaupeter* v. *Schaupeter* (1947), 317 Mich 84, 90; *Dean* v. *Torrence* (1941), 299 Mich 24, 28, 29; *Snyder* v. *Johnson* (1933), 264 Mich 286, 288; *Fleegar* v. *Consumers Power Co.* (1933), 262 Mich 537, 541; *Swank* v. *Croff* (1929), 245 Mich 657, 658; *Dahlerup* v. *Grand Trunk W. R. Co.* (1947), 319 Mich 96, 102; *Hall* v. *Horak* (1950), 329 Mich 16, 21. Contrast: *Steele* v. *City of Ionia* (1920), 209 Mich 595, 600; similarly, see cases cited in *Petrosky* v. *Dziurman* (1962), 367 Mich 539, 548.

Nor do we find any merit in the contention that the judge erred in disregarding the testimony concerning the wife's misconduct and in granting her a divorce. He sat as the trier of fact and was the judge of the credibility of the witnesses. He was at liberty to disbelieve the testimony of the husband and of the other witnesses who testified regarding the wife's misconduct.[7] That disbelief, coupled with a finding that the husband was guilty of the wrongs complained of, would and does support his decision to grant the wife a divorce and to dissolve the marriage.

We have reviewed the record and concluded, having given due regard, as the court rule enjoins us, to the special opportunity of the trial court to judge the credibility of the witnesses (GCR 1963, 517.1), that his findings of fact are not clearly erroneous.

Affirmed. Costs to plaintiff.

All concurred.

---

[7] *Baumgartner* v. *Ham* (1965), 374 Mich 169, 173, 174.